[Civ. No. 12795.   Second Appellate District, Division Two.—February 4, 1941.]

MYRTLE VIOLA AHRENS, Respondent, v. HUGH EVANS et al., Defendants; MURIEL EVANS, Appellant.

Goudge, Robinson & Hughes, Edgar F. Hughes and Charles M. Fueller, for Appellant.

R. C. W. Friday and Ira A. Gwin for Respondent.

WOOD, J.—Plaintiff obtained a judgment against defendants Hugh Evans and Ed. Bischoff.   Thereafter supplementary proceedings were commenced and Muriel Evans, the appellant, who was not a party to the action, was ordered by the court to appear and answer "concerning her property". Plaintiff was attempting to conduct the examination in accordance with section 717 of the Code of Civil Procedure. Muriel Evans made a special appearance for the purpose of presenting motions to quash a *subpoena duces tecum* and the order of the court requiring her appearance.   She appeals from the orders of the court denying her motions.

Appellant points out deficiencies in the affidavits on which the order for her appearance was based and also claims that the order was defective in that it ordered her to answer con-

cerning her own property instead of ordering her to answer concerning the property of the judgment debtor. ██ Without discussing these alleged defects respondent contends that the orders from which the appeal is prosecuted are not appealable and that the appeal must be dismissed.

It was held in *Frost* v. *Superior Court,* 41 Cal. App. 580 [183 Pac. 206], that orders such as those now under review are not final orders. In that case the petitioner was a judgment debtor in a case pending in the Superior Court of Modoc County. A writ of execution was issued and returned partially satisfied and thereafter the court made an order directing the petitioner to appear before a referee in the city of San Francisco to answer concerning his property. The petitioner did not appear before the referee and the court issued "a writ of attachment for contempt" against the petitioner. A writ of *certiorari* was sought in the District Court of Appeal, the petitioner contending that the affidavit filed as a basis for the order for the petition to appear in San Francisco was defective in that it did not set forth necessary jurisdictional facts. The reviewing court held that the writ should not be allowed unless there had been a final adjudication or determination of the subject matter in the lower court. In deciding that the order under review was not a final order the court held that the superior court had jurisdiction to hear and determine the supplementary proceeding; that the court should be permitted without interruption to exercise its jurisdicton until final judgment; and that the proceeding could not be arrested "at any particular time in the progress thereof to determine whether the court has committed error either in the matter of putting its jurisdiction in motion or in ruling upon some proposition arising during the course of the hearing of the proceeding".

██ We are in accord with the ruling in the Frost case. Although in that case the court was considering an application for a writ of *certiorari,* while in the case now before us an appeal has been taken, the governing principle is identical. In the absence of statutory authority therefor an appellate tribunal should not review an order of the lower court unless it be a final determination of the subject matter.

The appeals are dismissed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied February 27, 1941, and appellant's petition for a hearing by the Supreme Court was denied April 3, 1941.