[Civ. No. 14274. Second Dist., Div. Two. Feb. 21, 1944.]

CHARLES ROGERS, Respondent, v. O. C. WILCOX, Appellant.

Fred E. Subith for Appellant.

Henry C. Rohr for Respondent.

MOORE, P. J.—On January 10, 1940, the Industrial Accident Commission awarded respondent the sum of $3,615, on account of injuries suffered in the course of his industrial employment by appellant. Judgment was entered in the office of the clerk of the court below on January 10, 1940. Order for appearance of the judgment debtor having issued May 21, 1943, motion to recall and quash the order was duly filed and presented on the ground that the judgment had been discharged in bankruptcy. The motion was denied on July 12, 1943. From the order of denial defendant brings this appeal.

On February 6, 1940, appellant was adjudicated a bankrupt, and on December 5, 1940, he was discharged. The judgment of respondent was included among appellant's scheduled debts as a provable claim, and notwithstanding respondent's objections, appellant was discharged of the obligation thereunder.

Two questions are presented by this appeal, namely, (1) whether it is an appealable order; (2) whether appellant was legally discharged. ▪ The order is not appealable. It was one of the steps taken in the course of a proceeding to obtain an order requiring appellant to disclose any property subject to execution. It did not constitute a final order. A court should not be interrupted in the exercise of its jurisdiction until its judgment has become final. Error in the course of a proceeding does not warrant a review. (*Ahrens* v. *Evans,* 42 Cal.App.2d 738 [109 P.2d 991]; *Frost* v. *Superior Court,* 41 Cal.App. 580 [183 P. 206].) Neither an order for appearance of a judgment debtor nor the order for his examination is in itself an end. Each is merely a step reviewable only after a final order has been made. It adjudicates no rights; it establishes no liabilities. (*Watson* v. *Pryor,* 49 Cal.App. 554, 557 [193 P. 797].) It is not a spe-

cial order made after final judgment though made subsequent to entry of the judgment. (See sec. 963, subd. 2, Code Civ. Proc.) It bears no relation to the judgment. It is a separate proceeding in an original action which is a substitute for the creditor's bill. (*Kaltschmidt* v. *Weber,* 136 Cal. 675, 676 [69 P. 497].)

It is ordered that the appeal be and it is hereby dismissed.

Wood (W. J.), J., and McComb, J., concurred.