[No. C048310. Third Dist. May 29, 2007.]

DON H. LEE, Plaintiff and Appellant, v.
SWANSBORO COUNTRY PROPERTY OWNERS ASSOCIATION,
Defendant and Respondent.

COUNSEL

Don H. Lee, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

OPINION

**HULL, J.**—In this appeal, we conclude that the trial court erred in ruling untimely plaintiff's motion to quash a subpoena duces tecum. We therefore reverse and remand to the trial court to consider plaintiff's motion on its merits.

### FACTS AND PROCEEDINGS

In proceedings that are not part of the record on appeal, defendant Swansboro Country Property Owners Association was awarded a money judgment against plaintiff Don H. Lee. On September 21, 2004, defendant wrote to plaintiff demanding payment of the judgment and stated that if payment was not forthcoming, it would schedule an examination of plaintiff as a judgment debtor. (See Code Civ. Proc., § 708.110 et seq.; unspecified statutory references that follow are to the Code of Civil Procedure.) Plaintiff did not respond, and defendant sent a followup e-mail on September 30.

Plaintiff, who acted in propria persona throughout these proceedings, replied with an e-mail the next day, October 1, 2004, and suggested possible dates for scheduling a debtor's examination. The parties agreed to communicate again on October 4.

In the meantime, on September 29, 2004, upon application of defendant, the trial court had entered an order for plaintiff to appear at a judgment debtor's examination on November 8, 2004.

On October 4, plaintiff wrote defendant a letter in which he described his assets as virtually nonexistent, but agreed to the judgment debtor's examination.

On October 6, 2004, defendant obtained a subpoena duces tecum ordering plaintiff to bring specified documents relating to his financial assets to the November 8 examination. The subpoena listed 13 production demands, including items such as pay stubs, tax returns, bank statements, and information relating to plaintiff's real and personal property.

On October 10, 2004, plaintiff wrote to defendant stating that he had decided to turn over all of his personal household items to defendant. Plaintiff said he was going to move his furniture, clothes, appliances, and "everything I still own" to a storage unit. He wrote that he would pay for the first month's storage and then give the keys to the storage locker to defendant. He added that while this would not compromise defendant's right to conduct a creditor's examination, it would save plaintiff from being humiliated in front of his friends and neighbors.

On October 20, 2004, plaintiff wrote to defendant objecting to the items enumerated in the subpoena, asserting claims of irrelevance, overbreadth, privacy, and privilege. He accused defendant of harassing him and using these production demands as a means of obtaining discovery for other pending litigation between the parties.

On October 22, 2004, defendant e-mailed plaintiff stating that it would not accept plaintiff's personal items and would refuse to accept the keys for a storage unit or responsibility for that storage. Defendant mailed a hard copy of this e-mail to plaintiff as well.

Plaintiff responded by letter on October 29, characterizing defendant's position as an abandonment of all claims to plaintiff's personal property. Accordingly, he sought to limit the scope of inquiry at the upcoming examination.

In an e-mail dated October 29, defendant agreed to limit the scope of two items listed in the subpoena, but otherwise rejected plaintiff's objections. Defendant noted that because plaintiff had not "filed a motion to quash the subpoena duces tecum the letter objections have no effect and you are required to produce **all** of the documents demanded."

Taking this not-so-subtle hint, plaintiff filed a motion to quash the subpoena on November 1, 2004, scheduling the hearing for the same time as the debtor's examination set for November 8. Plaintiff's motion reiterated the objections he had earlier made to defendant. Plaintiff also filed claims for exemption and objections to the examination.

On Friday, November 5, defendant faxed its opposition to the motion to quash to the court and e-mailed this opposition to plaintiff. The court filed this pleading on Monday, November 8, the date of the debtor's examination. Defendant noted that, under section 1987.1, a motion to quash can be granted only if it is "reasonably made," and it argued that plaintiff had not met this standard because of his delay in filing his motion. It asserted that plaintiff's failure to file his motion earlier "forced both this Court and defense council [*sic*] to occupy itself, on a shortened time frame, with further nonsense from [plaintiff]." Defendant also answered plaintiff's objections on the merits, arguing that all of the items to be produced were relevant to determining what assets were available to satisfy the judgment.

At the hearing, trial court denied plaintiff's motion to quash, ruling it untimely. Plaintiff appeals from that determination. (§ 904.1, subd. (a)(2).)

### DISCUSSION

Plaintiff contends the court erred in ruling his motion to quash untimely, and he argues that the motion should have been granted. We agree that the court erred, and remand to the trial court to address the substance of plaintiff's claims.

We first address defendant's motion to dismiss the appeal.

Defendant filed a motion to dismiss the appeal as moot, asserting that defendant had withdrawn the subpoena duces tecum at issue in this appeal and had no intention of pursuing the matter further. We denied the motion to dismiss. We note however that, if defendant wants to withdraw its subpoena, it may do so in the trial court, obviating the need for the trial court to address the merits of plaintiff's motion in the remand we are ordering.

In order to put plaintiff's claims in the proper analytic framework, we briefly outline the remedies available to judgment creditors, focusing on inspection demands and judgment debtor examinations.

■ In order to determine a debtor's assets, a judgment creditor may propound written interrogatories and/or demand the production of documents in the manner provided by the general discovery statutes, and the judgment debtor's response must likewise follow the same discovery provisions. (§§ 708.020, 708.030.) By propounding interrogatories and demanding the production of documents, a creditor may obtain needed information by

relatively simple and inexpensive means. As one practice guide notes, "An inspection demand may provide the judgment creditor with documents disclosing the debtor's assets or earnings (e.g., tax returns, financial statements, payroll stubs, real property deeds, stock certificates, passbooks, deposit account statements, bonds, trust deeds, automobile ownership certificates ('pink slips'), promissory notes, etc.) [¶] An inspection demand is cheaper than a judgment debtor examination and requires less preparation time. It can also be used to 'set up' a later examination of the judgment debtor." (Schwartz & Ahart, Cal. Practice Guide: Enforcing Judgments & Debts (The Rutter Group 2006) ¶ 6:1391.6, p. 6G-29 (hereafter Schwartz); see generally 1 Debt Collection Practice in Cal. (Cont.Ed.Bar 2d ed. 2006) Discovery in Debt Collection Actions, §§ 5.22, 5.29, pp. 298–299, 303–304.)

However, there are disadvantages to this method of discovery. "A judgment debtor may not respond to an inspection demand, and a sanction award for failure to respond is often uncollectible. An inspection demand is not spontaneous and is a slow process (the inspection generally will not occur for at least 30 days after service of the demand). Moreover, [unlike an order for an examination of a judgment debtor,] service of an inspection demand does not create a lien on the judgment debtor's property." (Schwartz, *supra*, ¶ 6:1391.7; see § 708.110, subd. (d) [serving an order for debtor's examination creates a one-year lien on debtor's personal property].)

■ For these reasons, a judgment creditor may prefer to utilize the examination process outlined in section 708.110 et seq. This procedure enables a judgment creditor to "obtain an order requiring the judgment debtor to appear before the court, or a court-appointed referee, to furnish information that will aid in the enforcement of the money judgment. [Citation.] At the examination, the judgment creditor has the opportunity to inquire of the judgment debtor regarding the property the debtor has, or may acquire in the future, that may be available to satisfy the judgment. [Citations.] A judgment debtor examination is intended to allow the judgment creditor a wide scope of inquiry concerning property and business affairs of the judgment debtor." (*Hooser v. Superior Court* (2000) 84 Cal.App.4th 997, 1002 [101 Cal.Rptr.2d 341].) During the course of this examination, "the court may, on motion of the person to be examined or on its own motion, make such protective orders as justice may require." (§ 708.200.)

■ For a debtor's examination to be effective, a judgment creditor will generally need to review documents relating to the debtor's assets. That information may be obtained in several ways. First, as already noted, a creditor may make a demand for the inspection of documents. (§ 708.030.) However, when faced with a recalcitrant debtor, the "cost and time delays of bringing a motion to compel responses to an inspection demand may not be

justified. In fact, it may be quicker and more effective to conduct a debtor's examination with a subpoena of documents [citation]." (Schwartz, *supra*, ¶ 6.1391.18, p. 6G-30.1.)

■ Thus, the second method of obtaining the necessary documentation is to serve the debtor with both a notice of hearing and a subpoena duces tecum outlining the documents to be produced. (See Schwartz, *supra*, ¶ 6.1301, p. 6G-10.) While the order to appear at the examination can also include an order to produce documents (see § 1987, subd. (c); 2 Debt Collection Practice in Cal., *supra*, The Debtor's Property, §§ 8.37–8.38, pp. 569–570), a creditor often files a subpoena duces tecum separate and apart from the application for examination. As this court has noted, "In preparation for the examination, discovery may be necessary as the actual examination is not so much a device to gather information as it is a tool to confirm the existence of certain assets. [Citations.] Thus, the use of a subpoena duces tecum to discover and inspect relevant documents is an accepted practice." (*People v. Pereira* (1989) 207 Cal.App.3d 1057, 1066 [255 Cal.Rptr. 285]; accord, Cal. Judges Benchbook: Civil Proceedings—After Trial (CJER 1998) Supplemental Enforcement Proceedings, § 7.27, p. 413.) As one practice guide advises, "Thus, as far as practicable, counsel should investigate the debtor's assets and subpoena any documents showing ownership . . . into court at the time of examination." (2 Debt Collection Practice in Cal., *supra*, The Debtor's Property, § 8.31, p. 556.)

It is this option that defendant utilized in the present case. It filed an application for a debtor's examination and the court issued that order on September 29, 2004. Defendant then followed with a subpoena duces tecum that issued on October 6, 2004, and sought documents relating to plaintiff's assets.

That brings us to plaintiff's motion to quash this subpoena, which was filed on November 1, 2004, one week before the scheduled hearing on November 8. The trial court denied plaintiff's motion as untimely, implicitly adopting defendant's view that the motion was not reasonably made within the meaning of section 1987.1. It is that ruling that is at the heart of this appeal.

Section 1987.1 provides in relevant part that "[w]hen a subpoena requires . . . the production of . . . documents . . . before a court, or at the trial of an issue therein, or at the taking of a deposition, the court, *upon motion reasonably made by the party* . . . may make an order quashing the subpoena entirely, modifying it, or directing compliance with it upon such terms or conditions as the court shall declare, including protective orders. In addition, the court may make any other order as may be appropriate to protect the parties . . . from unreasonable or oppressive demands . . . ." (Italics added;

see also *City of Los Angeles v. Superior Court* (2003) 111 Cal.App.4th 883, 888 [3 Cal.Rptr.3d 915] [procedural remedy for a defective subpoena is generally a motion to quash under § 1987.1].)

Citing this provision, defendant asserted the plaintiff's motion to quash was not "reasonably made" in part because it should have been filed sooner. The trial court implicitly agreed and deemed plaintiff's motion untimely. The trial court abused its discretion in making that determination.

Plaintiff's motion to quash was filed one full week before the date scheduled for the judgment debtor's examination. He filed his motion on Monday, November 1, 2004; the debtor's examination was scheduled for the following Monday, November 8, 2004.

Seven days' notice cannot be deemed to be unreasonable. The time period for a motion to quash is often short. For example, under section 1985.3, subdivision (g), the provision relating to subpoenas issued to nonparty custodians of records, notice of a motion to quash must be given "at least five days prior to production." Here, notice was given seven days ahead of time.

Moreover, a debtor's examination can be scheduled as soon as 10 days after the date the debtor is served with the order for examination. (§ 708.110, subd. (d).) If a hearing can be held 10 days after a debtor is served, a motion to quash filed seven days before that hearing must necessarily be deemed timely. That is especially so given that defendant had ample time to respond to plaintiff's motion and it in fact filed written opposition. Plaintiff's motion did not raise new issues; plaintiff had voiced his concerns about the scope of the subpoena in previous letters and e-mails to defendant and he had succeeded in getting defendant to modify two of its demands.

By filing his motion to quash on November 1, 2004, plaintiff gave defendant and the court a full week to consider the matter. Under these circumstances, plaintiff's motion was timely and, for purposes of that limited question, was "reasonably made" as required by section 1987.1. The trial court abused its discretion in concluding otherwise.

Plaintiff's appeal also addresses the merits of his motion to quash. Those issues are for the trial court to determine, and we therefore remand the matter to the trial for that purpose.

## DISPOSITION

The court's order is reversed and the matter remanded to the trial court to consider plaintiff's motion to quash on its merits. Plaintiff is awarded his costs on appeal. (Cal. Rules of Court, rule 8.276(a)(1).)

Sims, Acting P. J., and Robie, J., concurred.