Filed 9/24/13

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| FOX JOHNS LAZAR PEKIN & WEXLER, APC, et al., <br><br>    Petitioners, <br><br>    v. <br><br>THE SUPERIOR COURT OF SAN DIEGO COUNTY, <br><br>    Respondent; <br><br>BREWER CORPORATION, <br><br>    Real Party in Interest. | D062663 <br><br><br> (Super. Ct. No.  37-2007-00074230-CU-BC-CTL ) |

Original proceeding on a petition for a writ of mandate challenging orders of the Superior Court of San Diego County, William R. Nevitt, Jr., Judge.  Relief granted.

Fox Johns Lazar Perkin & Wexler, George C. Lazar, and R. Gordon Huckins for Petitioner.

No appearance for Respondent.

Marks, Finch, Thornton & Baird, Jeffrey B. Baird and Jon F. Gauthier for Real Party in Interest.

Fox Johns Lazar Perkin & Wexler (Fox Johns) represents Point Center Financial, Inc. (Point).  Brewer Corporation (Brewer), among others, obtained a money judgment against Point, which is presently on appeal in a related case before this court.  As part of

its efforts to enforce the judgment, Brewer has proceeded with third party, postjudgment discovery against Fox Johns and Michael Wexler, the attorney at Fox Johns primarily responsible for representing Point during the underlying trial. To this end, Brewer served Fox Johns with a subpoena duces tecum for the production of documents and sought a third party judgment debtor examination of Wexler under Code of Civil Procedure[1] section 708.120.

After Fox Johns and Wexler objected to Brewer's examination of Wexler, Brewer moved to compel. The court granted Brewer's motion in part, ordering Wexler to answer certain questions at his examination. Fox Johns and Wexler subsequently moved to quash the order for Wexler to appear for examination, which the court denied. In addition, the court granted Brewer's motion, in part, to compel Fox Johns to produce documents under the subpoena duces tecum.

Fox Johns and Wexler appeal the order denying their motion to quash the order to appear as well as the order granting, in part, Brewer's motion to compel further responses and documents to the subpoena. Although they raise multiple issues, we focus on their contention that the requested discovery exceeds the limited scope and purpose of a third party examination as permitted under section 708.120. This is a matter of first impression.

We agree that the discovery Brewer seeks here is beyond the scope of what section 708.120 permits. In addition, although we are not convinced that the superior court's

---

[1]     Statutory references are to the Code of Civil Procedure unless otherwise specified.

2

orders are appealable, nonetheless, under the unusual circumstances of this case, we reach the merits by treating the appeal as a petition for a writ of mandate.

## FACTUAL AND PROCEDURAL HISTORY

Brewer, among other plaintiffs, pursued certain claims against Point involving bond stop notices. At trial, Wexler was Point's counsel. After a trial of this action, a money judgment of more than $2.7 million was entered against Point. Point has appealed that judgment, which is currently pending in this court.

The plaintiffs, including Brewer, wasted little time enforcing the judgment. They examined Point's chief financial officer under section 708.110 and received a voluminous document production of financial and other records by Point. They also engaged in third party discovery. To this end, they sought to examine Wexler, who continues to represent Point in this matter and is Point's "lead appellate counsel" as well.

Under section 708.120, Brewer obtained an order to examine Wexler. At the examination, Wexler refused to answer a number of questions. Wexler's refusal led to Brewer's motion to compel further answers. The superior court granted in part and denied in part Brewer's motion. The order, dated July 5, 2012, stated that Wexler was to answer 10 questions. The order does not list the specific questions, but instead, refers to portions of the examination transcript containing the questions.

In response to the order, Wexler offered to appear at a resumed examination and only answer the 10 questions referred to in the order. Once he answered these questions, Wexler would terminate the examination. Although they met and conferred, the parties could not agree on the scope of the examination. Accordingly, Brewer obtained a new

3

order to appear requiring Wexler to appear for examination on July 25, 2012. Brewer also served Wexler with a subpoena duces tecum for personal appearance and the production of documents for the same date. In response, Fox Johns and Wexler applied ex parte for a continuance of the examination and to set a hearing date for a motion to quash the order for appearance and the subpoena. Fox Johns and Wexler also served a written response to the subpoena.

The court continued the examination and set a hearing on Fox Johns and Wexler's motion to quash the order for appearance and the subpoena for August 24, 2012. Brewer filed a motion to compel further responses to the subpoena as well as production of additional documents, which was set to be heard on September 7, 2012. The court consolidated the proceedings and heard both motions on September 7, 2012.

After considering the pleadings, evidence, and oral argument, the court issued two minute orders wherein it denied Fox Johns and Wexler's motion to quash the order of appearance, but granted in part and denied in part, both the motion to quash the subpoena and Brewer's motion to compel further responses and additional documents. The second order, however, required Fox Johns to produce certain documents in response to the subpoena.

Fox Johns and Wexler appealed the orders.

4

DISCUSSION

I

*APPEALABILITY*

Brewer has filed a motion to dismiss this appeal arguing the two September 7 orders are not appealable. Brewer contends the orders are preliminary orders pertaining to discovery, adjudicate no rights, and thus, are not appealable. (See *Rogers v. Wilcox* (1944) 62 Cal.App.2d 978, 979 [holding an order denying motion to quash order re judgment debtor examination was not appealable]; *Ahren v. Evans* (1941) 42 Cal.App.2d 738, 739 [holding orders denying a motion to quash an order for the appearance and examination of a third party and an accompanying subpoena duces tecum were not appealable].) Brewer also devotes a substantial portion of its respondent's brief to similar arguments.

Fox Johns and Wexler contend the orders are appealable under section 904.1, subdivisions (a)(1) and (a)(2). We disagree. The orders were "one of the steps taken in the course of a proceeding to obtain" information pertaining to a judgment debtor's assets. (*Rogers v. Wilcox*, *supra*, 62 Cal.App.2d at p. 979.) "[They] did not constitute . . . final order[s]. A court should not be interrupted in the exercise of its jurisdiction until its judgment has become final. Error in the course of a proceeding does not warrant a review." (*Ibid.*) Neither an order denying a motion to quash an order for a third party examination (cf. *id.* at p. 979), nor a postjudgment order denying a motion to quash a subpoena duces tecum served on a third party (*Ahrens v. Evans*, *supra*, 42 Cal.App.2d 738), is appealable.

5

Fox Johns and Wexler assert, however, that *Rogers v. Wilcox*, *supra*, 62 Cal.App.2d 978 and *Ahrens v. Evans*, *supra*, 42 Cal.App.2d 738 were decided under former Code of Civil Procedure section 963, and therefore, have been superseded by statute. The fact that these cases relied on a former statute does not undermine their vitality.

Former section 963 as originally enacted "provided: [¶] 'An appeal may be taken . . . from a Superior Court . . . in the following cases: [¶] . . . [¶] 2. . . . [F]rom any special order made after final judgment. . . .' [Citation.] [¶] This language remained unchanged . . . as long as the statute was in effect. [Citations.]" (*Krikorian Premiere Theatres, LLC v. Westminster Central, LLC* (2011) 193 Cal.App.4th 1075, 1079 (*Krikorian*).)

"[I]n 1968, the Legislature repealed former section 963 and replaced it with . . . current section 904.1 . . . , which, as relevant here, provides: [¶] 'An appeal . . . may be taken from any of the following: [¶] . . . [¶] (2) From an order made after a judgment made appealable by paragraph (1).' [Citation.]" (*Krikorian*, *supra*, 193 Cal.App.4th at p. 1081.) True, the language of former section 963 and current section 904.1 is not identical. (*Krikorian*, *supra*, at p. 1082.) However, in changing the wording of the statute, "[i]t does not appear that the Legislature intended to make any substantive change in the law. [Citations.] Rather, 'the apparent primary purpose of the 1968 changes was to subdivide the cumbersome language of former section 963.' [Citation.]" (*Krikorian, supra,* at pp. 1082-1083.)

Fox Johns and Wexler urge, instead of dismissing the appeal, we treat it as a petition for extraordinary relief. In response, Brewer claims that we should reject this

6

argument because Point has continued to use Fox Johns (specifically Wexler from Fox Johns) as its counsel of record after judgment. Without any evidence in the record, Brewer ascribes some nefarious purpose to Fox Johns continuing representation of Point, arguing that the representation continues at least in part "to shield Fox [Johns] from post-judgment discovery in aid of enforcement of the money judgment." Fox Johns and Wexler have the better argument.

As a threshold matter, we find nothing diabolical in Fox Johns's continuing representation of Point. Except for unsubstantiated innuendo, Brewer points to nothing in the record that Fox Johns and Wexler's continued involvement in this matter is anything more than a typical business decision. Indeed, it makes sense that a party would keep its trial counsel involved in its case postjudgment. Presumably, the counsel is knowledgeable of the procedural background, factual history, and can effectively deal with postjudgment issues as they arise. In contrast, hiring new counsel that would have to be brought up to speed on the underlying dispute, status of the proceedings, and an understanding of the client's business and goals could be extremely inefficient, time consuming, and expensive. In short, Point's decision to retain Fox Johns for postjudgment representation is not dishonest, but instead, a sound decision.

As Fox Johns and Wexler point out, we do have the power to treat this purported appeal as a petition for a writ of mandate. However, we exercise this jurisdiction only in unusual circumstances. (*Olson v. Cory* (1983) 35 Cal.3d 390, 401 (*Olson*).) In *Olson*, the Supreme Court found it appropriate to treat an appeal from a nonappealable order as a writ petition where there was an inadequate remedy at law, the briefs and record included

7

the substance necessary for proceeding as a writ of mandate, there was no indication the trial court would appear as a party in a writ proceeding, the appealability of the order was not clear, and all the parties urged the court to decide the issue rather than dismiss the appeal. (*Id*. at pp. 400-401.) The court concluded that dismissing the appeal rather than exercising its power to reach the merits, would be " ' "unnecessarily dilatory and circuitous." ' [Citation.]" (*Id*. at p. 401.)

Similar considerations are present here. Requiring Fox Johns and Wexler to continue to litigate the proper scope of postjudgment third party discovery will be incredibly inefficient. Thus far, Brewer's attempts to examine Wexler and require Fox Johns to produce documents have led to months of additional litigation, various motions, hearings, and ex parte proceedings. As such, it serves the interest of judicial economy to provide guidance to the parties and the superior court at this stage of the proceeding. Otherwise, the issues raised by Fox Johns and Wexler cannot be reached in any other process and further litigation in a vacuum would occur.

Moreover, this matter presents an issue of first impression. The issue has been thoroughly briefed and our determination will be based almost entirely on our interpretation of a statute. The briefs and record are adequate for writ review,[2] and there

---

[2]     Brewer argues the record is incomplete because Fox Johns and Wexler failed to include previous discovery motions regarding the third party examination of Wexler as well as transcripts from various hearings involving these motions. We do not deem these pleadings or transcripts necessary for the resolution of the issues raised here, which predominately involve the interpretation of section 708.120. In addition, Brewer agreed with the factual and procedural history provided in the opening brief and provided some additional background. The record is adequate for a writ proceeding.

is no indication that the trial court would be more than a nominal party to the writ proceeding. Dismissing the appeal and requiring Fox Johns and Wexler to bring this by way of petition for writ of mandate would be "unnecessarily dilatory and circuitous." (*Olson*, *supra*, 35 Cal.3d at p. 401.)[3]

Accordingly, we find the circumstances of the instant case to be extraordinary and will exercise our discretion to treat the purported appeal from the nonappealable orders as a petition for writ of mandate.[4]

II

*THE SCOPE OF THIRD PARTY POSTJUDGMENT DISCOVERY*

A. Section 708.120

Section 708.120 provides a mechanism by which a judgment creditor can examine a third party postjudgment:

> "Upon ex parte application by a judgment creditor who has a money judgment and proof by the judgment creditor by affidavit or otherwise to the satisfaction of the proper court that a third person has possession or control of property in which the judgment debtor has an interest or is indebted to the judgment debtor in an amount exceeding two hundred fifty dollars ($250), the court shall make an order directing the third person to appear before the court, or before a referee appointed by the court, at a time and place specified in the

---

[3]  We thus deny Brewer's motion to dismiss this appeal.

[4]  We are aware of the recent opinion from this court issued after oral argument here, wherein the court held that a third party may appeal an order overruling all of the third party's objections to the subpoena and granting a motion to compel compliance with the subpoena. (See *Macaluso v. Superior Court* (Sept. 18, 2013, D063325) ___ Cal.App.4th ___ [2013 DJDAR 12695].) We think the better approach here, on the unique facts before us where it is not clear if the superior court will be issuing further orders regarding the very discovery at issue, is to treat the appeal like a petition for writ of mandate.

order, to answer concerning such property or debt. The affidavit in support of the judgment creditor's application may be based on the affiant's information and belief." (§ 708.120, subd. (a).)

Brewer obtained an order per section 708.120 setting an examination of Wexler. Fox Johns and Wexler contend that any examination under section 708.120 is limited in scope by the statute's language. To this end, they assert Wexler only must answer questions relating to (1) Fox Johns's possession or control of property in which Point, as the judgment debtor, has an interest; or (2) Fox Johns's indebtedness to Point if it exceeds $250. Fox Johns and Wexler emphasize that the scope of the examination as intended by Brewer goes far beyond these topics and focuses on Fox Johns's clients, the firm's billings on matters for these clients, and possible alter ego entities of Point.

In response, Brewer maintains that its examination of Wexler is governed by the same liberal standards applied to prejudgment discovery under California's Civil Discovery Act (§ 2016.010, et seq.). However, the Civil Discovery Act explicitly limits its application to postjudgment enforcement proceedings: "This title applies to discovery in aid of enforcement of a money judgment only to the extent provided in Article 1 (commencing with Section 708.010) of Chapter 6 of Title 9 of Part 2." (§ 2016.070.) Brewer acknowledges this express limitation, but, citing *Lee v. Swansboro Country Property Owners Assn.* (2007) 151 Cal.App.4th 575 (*Lee*), argues that we should not read this exception too narrowly. To this end, Brewer provides the following quote from *Lee*:

> " 'In preparation for the examination, discovery may be necessary as the actual examination is not so much a device to gather information as it is a tool to confirm the existence of certain assets. [Citations.] Thus, the use of a subpoena duces tecum to discover and inspect

10

relevant documents is an accepted practice.' " (*Lee, supra,* 151 Cal.App.4th at p. 582.)

Brewer, nevertheless, fails to explain how this quotation from *Lee*, *supra*, 151 Cal.App.4th 575 has any application to the scope of the examination under section 708.120. *Lee*, *supra*, 151 Cal.App.4th 575 involves the examination of a judgment debtor under section 708.110 and a subpoena duces tecum for documents served on the same judgment debtor. The court used the above quote to explain why a judgment creditor would subpoena documents from the judgment debtor prior to the judgment debtor examination. (*Lee*, *supra*, at p. 582.) Thus, neither the quoted passage from *Lee* nor any other discussion in *Lee* has any bearing on the scope of the examination of a third party under section 708.120. *Lee* simply is not instructive here. Moreover, nothing in *Lee* even hints to support Brewer's argument that courts should apply the same liberal standard in posttrial discovery involving the enforcement of a judgment that the courts apply in pretrial discovery.

In addition, we are not persuaded by Brewer's argument that if we adopt such a "narrow" reading of *Lee*, *supra*, 151 Cal.App.4th 575, section 708.130 becomes ineffective. Section 708.130, subdivision (a) provides: "Witnesses may be required to appear and testify before the court or referee in an examination proceeding under this article in the same manner as upon the trial of an issue."[5] Brewer, however, fails to explain why section 708.130 relates to the issues before us here. Instead, section

---

[5] Section 708.130, subdivision (b) renders the spousal privilege inapplicable to an examination proceeding under this article.

11

708.120, which provides the process by which a judgment creditor can obtain an order to examine a third party, is the essential statute that must be interpreted.

Although Fox Johns and Wexler clearly challenge the scope of the order allowing Brewer to ask certain questions during the third party examination of Wexler under section 708.120, Brewer utterly ignores this statute. In fact, Brewer does not cite to, discuss, or otherwise mention this statute anywhere in its respondent's brief. Brewer's strategic decision in this regard is baffling.

We cannot resolve any of the issues before us without interpreting section 708.120. In construing statutes, we determine and effectuate legislative intent. (*People v. Woodhead* (1987) 43 Cal.3d 1002, 1007; *People ex rel. Younger v. Superior Court* (1976) 16 Cal.3d 30, 40.) To ascertain intent, we look first to the words of the statutes. (*Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386-1387; *Woodhead*, *supra*, at p. 1007.) "Words must be construed in context, and statutes must be harmonized, both internally and with each other, to the extent possible." (*California Mfrs. Assn. v. Public Utilities Com.* (1979) 24 Cal.3d 836, 844.)

Here, section 708.120 clearly defines the scope of the examination of a third party. A judgment creditor may obtain an order to examine a third party if it convinces the superior court that the third party "has possession or control of property in which the judgment has an interest or is indebted to the judgment debtor in an amount exceeding" $250. (§ 708.120, subd. (a).) If the superior court is convinced, the court "shall make an order directing the third person to appear . . . at a time and place specified in the order, *to answer concerning such property or debt*." (*Ibid*., italics added.)

12

Section 708.120's focus is on whether the third party possesses the judgment debtor's property or owes the judgment debtor a debt over $250. Only if the court is satisfied that either condition exists will it order an examination of a third party. Moreover, if the description of the property or the debt is "reasonably adequate to permit it to be identified, service of the order on the third person creates a lien" on the property or debt "for a period of one year from the date of the order unless extended or sooner terminated by the court." (§ 708.120, subd. (c).) The statute thus revolves around the third party possessing property in which the judgment debtor has an interest or any debt over $250 the third party owes the judgment debtor.

Section 708.120's emphasis on these two issues is further underscored by its statement that the third party will appear for an examination "to answer concerning such property or debt." (§ 708.120, subd. (a).) The purpose of the examination therefore is for the third party to answer questions regarding the property of the judgment debtor it possesses or the debt it owes the judgment debtor. This aim logically follows from what a judgment creditor must show the court before obtaining an order for a third party examination.

The Legislature specifically included in the statute what the third party could be questioned about during the examination. If it had intended a more robust examination, the Legislature simply could have said that the third party would appear for an examination without any clarifying or limiting language. Nevertheless, the Legislature included language to indicate what the third party's purpose at the examination was: "to answer concerning such property or debt." (§ 708.120, subd. (a).) To allow for a wider

13

scope of examination as Brewer urges, we would have to read additional language into the statute. This we cannot do.

Simply put, the purpose of section 708.120 is to provide a tool that allows a judgment creditor to find property or money that is owed to the judgment debtor. To this end, it allows the judgment creditor to obtain an order to examine a third party who it believes possesses the judgment debtor's property or owes the judgment debtor a debt over $250. The judgment creditor must prove to the court's satisfaction that either one of these circumstances exist before the court will issue an order requiring the party to appear for an examination. Further, the statute clearly provides that the third party is to answer questions regarding the subject property or debt. Section 708.120 does not allow for a more expansive examination. Certainly, it is not the mechanism to allow a judgment debtor to discover the identity of a law firm's clients, review the law firm's billings to other clients, or otherwise obtain information about entities that may be the alter ego of the judgment debtor. These are Brewer's stated purposes in examining Wexler.

### B. The Subpoena Duces Tecum

Fox Johns and Wexler also claim the subpoena duces tecum served by Brewer exceeds the permissible scope and purpose of a third party examination. Here, the court struck some of the document requests contained in the subpoena and limited others. Per its order, the court stated that Fox Johns was to produce documents responsive to the following requests:

> "Item 1: All [Fox Johns's] invoices for legal services relating to the action Brewer etc. v. Mi Arbolito, et al., San Diego County Superior Court Case No. 37-00074230-CU-BC-CTL (the 'Action') (privileged

14

text regarding details of tasks performed, etc., can be redacted from the invoices); but the invoices can be redacted to show only the date of the invoice, the dates of services provided, the total amount due at the time of the invoice, and the addressee(s).

"Item 2: All records showing the payment or non-payment of all [Fox Johns's] invoices for legal services relating to the Action.

"Item 3: All [Fox Johns's] invoices for legal services relating to the Mi Arbolito project located at 3415 6th Avenue, San Diego, CA 92103 ("The Project") (privileged text regarding details of tasks performed, etc., can be redacted from the invoices); but the invoices can be redacted to show only the date of the invoice, the dates of services provided, the total amount due at the time of the invoice, and the addressee(s).

"Item 4: All records showing the payment or non-payment of all [Fox Johns's] invoices for legal services relating to the Project;

"Item 5: All records sufficient to identify each of [Fox Johns's] client or clients relating to the Action.

"Item 6: All records sufficient to identify each of [Fox Johns's] client or clients invested in the Project."

These requests seek documents relating to what Fox Johns's billed representing clients in the Action and in relation to the Project. The requests also seek documents evidencing who paid Fox Johns's invoices, if they were paid. In addition, the requests seek documents sufficient to identify Fox Johns's clients. These requests obviously seek documents far beyond any of the judgment debtor's property Fox Johns might possess or any debt Fox Johns owes the judgment debtor.

Having determined that the examination of a third party under section 708.120 is limited to exploring the third party's possession of the judgment debtor's property or any debt owed the judgment debtor, we conclude the scope of the documents requested in the

15

subpoena here must be similarly curtailed. A subpoena must be tethered to a case. Here, the subpoena relates to Brewer's third party examination of Wexler. The subpoena's purpose therefore is to help prepare Brewer for the examination of Wexler and to confirm the existence of the subject property and debt. (Cf. *Lee*, *supra*, 151 Cal.App.4th at p. 582.) The documents requested in the subpoena far exceed this limited scope.

## C. Conclusion

The orders challenged here permit discovery far beyond what section 708.120 allows. While there may be other procedures that allow Brewer to discover the information it seeks, neither section 708.120 nor a subpoena duces tecum related to that statute authorize such broad discovery. Because the orders challenged here allow for discovery beyond the scope of what section 708.120 permits, we conclude the superior court abused its discretion in making the orders.

As we determine that the orders cannot stand based on our interpretation of section 708.120 only, we do not reach the other issues raised by Fox Johns and Wexler.

## DISPOSITION

Let a peremptory writ of mandate issue, directing the trial court to: (1) vacate its order granting in part and denying in part Brewer's motion to compel further responses to subpoena for production of documents and for production of the subpoenaed documents and granting in part and denying in part Fox Johns and Wexler's motion to quash subpoena duces tecum and to enter an order granting Fox Johns and Wexler's motion to quash and denying Brewer's motion to compel; and (2) vacate its order denying Fox Johns and Wexler's motion to quash order to appear for examination and to enter an order

16

granting the motion. If Brewer believes third party, postjudgment discovery of Fox Johns and/or Wexler is necessary, then it should apply for the appropriate order under section 708.120. These efforts can include serving a subpoena duces tecum. The purpose of the discovery Brewer seeks, however, must be consistent with this opinion. Further, any orders issued by the trial court relating to section 708.120 must be consistent with this opinion as well.

The parties shall bear their own costs on appeal.

HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


AARON, J.