Filed 7/29/21  The Health Law Firm v. Frisbie CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE HEALTH LAW FIRM,<br><br>　　　Plaintiff and Respondent,<br>v.<br>BILL R. FRISBIE,<br><br>　　　Defendant and Appellant. | A158659<br><br>(Sonoma County<br>Super. Ct. No. SCV-262393) |

　　　Debtor Bill R. Frisbie, appearing in propria persona, purports to appeal an order denying a motion for reconsideration of his motion to vacate a judgment against him and a minute order entered in the course of his debtor's examination. His brief is virtually unintelligible and challenges the validity of orders entered throughout the complex history of the litigation. Because the orders identified in his notice of appeal are not appealable under Code of Civil Procedure section 904.1, we shall dismiss the appeal.

## Background

　　　In April 2018, The Health Law Firm (the law firm) filed a petition to enforce an out-of-state judgment entered in its favor against Frisbee. In July 2018, Frisbie moved to vacate the judgment on the grounds, among others, that the judgment was the product of fraud and was entered in violation of his due process rights. Frisbie's motion was denied in August 2018. Frisbie's motion for reconsideration was denied on November 7, 2018.

Thereafter, the law firm obtained a writ of execution on the $105,028 money judgment and an order of examination for Frisbie. On August 26, 2019, the court granted the law firm's motion to compel Frisbie to answer questions posed to him. On September 23, 2019, the court examined Frisbie under oath pursuant to the previously issued order. The matter was continued for further examination on October 21, 2019. The October hearing was taken off calendar after Frisbie filed a notice of appeal on October 16.

**Discussion**

"The existence of an appealable judgment [or order] is a jurisdictional prerequisite to an appeal. A reviewing court must raise the issue on its own initiative whenever a doubt exists as to whether the trial court has entered a final judgment or other order or judgment made appealable by Code of Civil Procedure section 904.1." (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) Frisbie's notice of appeal purports to appeal orders issued on November 7, 2018 and September 23, 2019. No appealable order was issued on either day. The November 7, 2018 order denying Frisbie's motion for reconsideration is not an appealable order. (*Association for Los Angeles Deputy Sheriffs v. County of Los Angeles* (2008) 166 Cal.App.4th 1625, 1633.)[1] Nor is the minute order entered on September 23, 2019 appealable. For a postjudgment order to be appealable under Code of Civil Procedure section 904.1, subdivision (a)(2), " 'the order must either affect the judgment or relate to it by enforcing it or staying its execution.' " (*Lakin v. Watkins Associated Industries* (1993) 6

---

[1] Although Frisbie's notice of appeal does not purport to challenge the court's denial of his motion to vacate the judgment in August 2018, we note that "[o]rdinarily, the denial of a motion to vacate a judgment is not an appealable order" (*In re Marriage of Brockman* (1987) 194 Cal.App.3d 1035, 1040) and, in any event, any such appeal would be untimely (Cal. Rules of Court, rule 8.108(c)).

Cal.4th 644, 651–652.) "Neither an order for appearance of a judgment debtor nor the order for his examination is in itself an end. Each is merely a step reviewable only after a final order has been made. It adjudicates no rights; it establishes no liabilities. [Citation.] It is not a special order made after final judgment though made subsequent to entry of the judgment. [Citation.] It bears no relation to the judgment. It is a separate proceeding in an original action which is a substitute for the creditor's bill." (*Rogers v. Wilcox* (1944) 62 Cal.App.2d 978, 979–980; see *Fox Johns Lazar Pekin & Wexler, APC v. Superior Court* (2013) 219 Cal.App.4th 1210, 1216 [order denying motion to quash third-party judgment debtor examination nonappealable].) Accordingly, neither the order of examination nor the minute order entered on September 23, 2019, which merely continues the examination to a further date, is appealable.

### Disposition

The appeal is dismissed.

POLLAK, P. J.

WE CONCUR:

STREETER, J.
TUCHER, J.

3