Filed 8/30/22  Sparrow v. Fremont Auto Sales CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| RONALD W. SPARROW et al., <br><br> Plaintiffs and Appellants, <br> v. <br> FREMONT AUTO SALES, INC., <br><br> Defendant and Respondent. | A163536 <br><br> (Alameda County <br> Super. Ct. No. HG19006239) |

Pro per plaintiffs Ronald and Arlene Sparrow filed a lawsuit seeking damages from car dealership Fremont Auto Sales, Inc., alleging the dealership sold them a used car that turned out to be a lemon, with engine damage beyond repair.  The trial court ordered their lawsuit dismissed with prejudice after they failed to appear at two status conferences that were conducted remotely.

They now appeal from the order of dismissal, arguing the trial court erred in dismissing their case, in effect, because they lacked notice and an opportunity to attend (i.e., log into) the virtual court hearings.  No respondent's brief has been filed.

We agree, and reverse.

1

## BACKGROUND

The case was initiated in February 2019.[1]  It was ordered dismissed with prejudice two-and-a-half years later, at an unreported case management conference held virtually on August 18, 2021, two days before the scheduled trial date (which the court also ordered vacated).  None of the parties appeared at that terminating case management conference—neither appellants *nor* respondent.  When it ordered the case dismissed, the court also imposed $900 in sanctions against the plaintiffs.  The stated basis for both the dismissal with prejudice and the sanctions award was plaintiffs' failure to appear at the August 18, 2021 hearing and the hearing immediately preceding it, held a week earlier on August 11, 2021.[2]

The relevant history begins a bit earlier, on August 6, 2021, when a settlement conference was held by BlueJeans videoconference in Department 301 at 2:00 p.m., presided over by Judge Jacobs.  All parties failed to appear at that settlement conference.  The record of the August 6 settlement conference consists of a file-endorsed document entitled "Judge's Memo To Clerk, Civil Pre-Trial Settlement Conference (PTSC)."  The document indicates that a further case management conference was on

---

[1] The register of actions was omitted from the Clerk's Transcript but the superior court transmitted a copy to this court at our request.  We deem the record corrected to include it.

[2] In relevant part, the minute order of the August 18 hearing states: "ORDER re CASE MANAGEMENT [¶] & ORDER DISMISSING ACTION [¶] The Court has ordered the following at the conclusion of a judicially supervised Case Management Conference. [¶] OTHER ORDERS [¶] Case dismissed with prejudice for failure by plaintiffs to appear at the August 11, 2021 mandatory settlement conference and the August 18, 2021 case management conference and order to show cause hearing."  The minute order then went on to impose sanctions for both non-appearances.

calendar for August 11 at an unspecified time and a trial date was set for August 20, and on August 6 the settlement conference judge ordered that the trial date and all future dates were to be maintained. There is no proof of service attached to that August 6 "memo," the register of actions reflects no separate proof of service filed on that date, and the register of actions also does not reflect the issuance of any separate settlement conference order or scheduling order issued on August 6. It thus does not appear that notice of future hearings was given.

Thereafter, at the August 11 case management conference, the parties again did not appear and the court issued an order to show cause and continued the matter to August 18, 2021, in Department 514 at 1:30 p.m.[3]

Then, as noted, the parties again failed to appear at the August 18 case management conference which is when the court (the Hon. Delbert Gee, sitting in Department 514) ordered the case dismissed with prejudice and imposed monetary sanctions. Despite the fact that it was calendared to take place at 1:30 p.m., the case management conference actually took place at 3 p.m. for reasons the record does not reflect.[4]

After the court ordered the dismissal, but before any valid judgment of dismissal was entered (see Discussion, Part I, *post*), the plaintiffs submitted

---

[3] The record contains only a partial copy of the minute order from the August 11, 2021 case management conference. The register of actions reflects that a "Case Management Conference Order Issued" that date, as well as a "Declaration of Service by Mail." We therefore presume that the court validly served notice of the order, including its order to show cause, on the parties. As discussed *post*, however, plaintiffs asserted they did not receive that notice.

[4] Plaintiffs do not note this discrepancy, but we do because it reflects an additional irregularity which bears on the overall conduct of the proceedings below.

3

two sets of written objections explaining why they had failed to appear at the three status conferences and asking the court, in effect, to reinstate their lawsuit and re-set their case for trial. Respondent filed no opposition nor, indeed, anything in response.

Plaintiffs' papers recounted, essentially, they had been prevented from attending the hearings due to a combination of a lack of actual notice and technical mishap:

On August 6, they explained, the court clerk sent them an electronic link with instructions to attend the mandatory settlement conference virtually in Department 302 from 4:00 p.m. to 4:45 p.m. (and a copy was reproduced in their papers), and when they logged on at 4:00 p.m. they remained online waiting for the moderator to join the conference, as instructed, but the moderator never joined the videoconference and they were automatically logged off forty-five minutes later, at 4:45 p.m. The court's records indicate that the case management conference had already taken place by the time they were directed to log on: two hours earlier, at 2:00 p.m. that day. And it took place not in Department 302 but Department 301. The basis for this apparent scheduling mistake is not in the record, apart from a reference in the BlueJeans email they received stating that "DEPT 302 JACOBS has updated the information for your meeting."[5]

Plaintiffs asserted they did not attend the next case management conference, on August 11, because they never received any notice of it or any BlueJeans invitation to attend it; and nothing in the record contradicts that assertion.

---

[5] Our confusion deepens further because, according to the register of actions, the August 6 settlement conference had been scheduled to take place *at 1:00 p.m.*, not 2:00 p.m. or 4:00 p.m.

Finally, they asserted that they did not attend the August 18 case management conference because they received the notice "the same day of the hearing" at some unspecified time but never received an electronic invitation to log into the hearing.

The court did not take any action on the plaintiffs' written submissions objecting to dismissal of the case, and this appeal, filed on September 14, 2021, followed.

## DISCUSSION

### I.

### *Appellate Jurisdiction*

Before turning to the merits, we must address our jurisdiction. The trial court signed two written orders on the same date (August 18, 2021) purporting to dismiss the plaintiffs' lawsuit with prejudice, but neither order bears a file stamp. Code of Civil Procedure section 581d states: "All dismissals ordered by the court shall be in the form of a written order signed by the court *and filed in the action* and those orders *when so filed* shall constitute judgments and be effective for all purposes, and the clerk shall note those judgments in the register of actions in the case." (Italics added.) Hence, a signed order dismissing a case is not a final judgment if the order *is not actually filed*. (See *Katzenstein v. Chabad of Poway* (2015) 237 Cal.App.4th 759, 769 [even if unsigned minute order of dismissal that issued electronically were deemed to have been signed by court electronically, order is non-appealable because "there is no indication that the Order here was electronically *filed*" (italics added)].) Were such a file-endorsed order procured by the plaintiffs, we would be required to treat the premature September 14, 2021 notice of appeal as having been filed immediately after the dismissal order's entry. (See *Davaloo v. State Farm Ins. Co.* (2005)

5

135 Cal.App.4th 409, 413, fn. 7; *In re Marriage of Rothrock* (2008) 159 Cal.App.4th 223, 229, fn. 4; Cal. Rules of Court, rule 8.104(d)(1).) But we will not dismiss this appeal or direct the parties to procure a final judgment. The plaintiffs discuss our power to issue writ relief to rectify the harm they claim to have suffered, and we will exercise our discretion to treat this appeal as a petition for writ of mandamus. (See *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 745-746.) With the appeal fully briefed[6] and no party urging its dismissal, no point would be served by dismissing it solely to await the superior court clerk's filing of the dismissal order and/or to direct the parties to procure a file-stamped copy of the dismissal order. Treating the appeal as a de facto writ petition avoids " ' " 'unnecessarily dilatory and circuitous' " ' " steps in the trial court. (*Woody's Group, Inc. v. City of Newport Beach* (2015) 233 Cal.App.4th 1012, 1020; see also, e.g., *Coronado Police Officers Assn. v. Carroll* (2003) 106 Cal.App.4th 1001, 1006 [appeal from nonappealable order treated as writ proceeding where the briefs and record are sufficient for writ review, and dismissal for lack of appellate jurisdiction "would not further judicial economy"]; *Safaie v. Jacuzzi Whirlpool Bath, Inc.* (2011) 192 Cal.App.4th 1160, 1169 [similar]; *Global Protein Products, Inc. v. Le* (2019) 42 Cal.App.5th 352, 365; *Fox Johns Lazar Pekin & Wexler, APC v. Superior Court* (2013) 219 Cal.App.4th 1210, 1217-1218.)

## II.

### *The Court Erred in Declining to Set Aside the Dismissal.*

Here, plaintiffs argue the court abused its discretion in ordering their case dismissed and then taking no action on their subsequent filings, and

---

[6] As noted, the briefing consists of the appellant's opening brief because respondent has not filed a brief.

also violated their due process rights, because dismissal was not warranted in light of the mistakes they brought to the court's attention when they filed objections to the dismissal. We agree.

To begin, terminating sanctions are disfavored. Although trial courts have inherent authority to dismiss an action, "[t]rial courts should only exercise this authority in extreme situations, such as when the conduct was clear and deliberate, where no lesser alternatives would remedy the situation [citation], the fault lies with the client and not the attorney [citation], and when the court issues a directive that the party fails to obey." (*Del Junco v. Hufnagel* (2007) 150 Cal.App.4th 789, 800; see generally *Lyons v. Wickhorst* (1986) 42 Cal.3d 911 [dismissing lawsuit with prejudice because party refused to present any evidence in mandatory judicial arbitration exceeded trial court's authority]; Code Civ. Proc., § 583.150.) In this case, it is unclear why lesser sanctions, such as monetary sanctions, would not have sufficed to hold plaintiffs to account for failing to appear at the various hearings; indeed, the court did impose monetary sanctions at the same time. Imposing the sanction of dismissal *on top of* monetary sanctions was drastic, excessive, and unnecessary.

The problematic nature of the dismissal is even more pronounced because of the circumstances. Due process requires that a party be given notice of potential sanctions "and an opportunity to be heard prior to their imposition." (*Lee v. An* (2008) 168 Cal.App.4th 558, 565-566 [addressing terminating sanctions imposed for failing to appear at case management conference]; see also *Lyons v. Wickhorst, supra,* 42 Cal.3d at pp. 917-918.) The court's failure to provide plaintiffs with electronic access to the August 18 status conference at which terminating sanctions were imposed

7

deprived them of an opportunity to be heard. It was the technological equivalent of literally closing the courtroom doors to them.

Finally, the relief plaintiffs sought after-the-fact, and the explanations they gave, also falls squarely within the ambit of Code of Civil Procedure section 473, a statute they partially quote in their appellate brief, albeit supported by a somewhat inartful legal citation.[7] Subdivision (b) states: "The court may, upon any terms as may be just, relieve a party . . . from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." The statute must be applied liberally, and " 'because the law strongly favors trial and disposition on the merits, any doubts in applying section 473 must be resolved in favor of the party seeking relief.' " (*Grappo v. McMills* (2017) 11 Cal.App.5th 996, 1005.) Further, although we review such rulings for abuse of discretion, " 'a trial court order denying relief is scrutinized more carefully than an order permitting trial on the merits.' " (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980.)

Here, plaintiffs' factual arguments are somewhat difficult to follow and for the most part focus on their failure to appear at the August 6 mandatory settlement conference, which was not the basis for the court's dismissal. But they allude to their confusion about the dates for the case management conferences. And it is abundantly clear from the record that they told the trial court they failed to appear at the various status conferences due to a lack of actual notice (on August 11) and also an inability to appear, because they were not sent electronic links to participate in any of the three

---

[7] Their citation to section 473 is buried within an otherwise inscrutable legal citation to "CCP. 307-1062-1062.20 473 Good Faith' Settlement (Code Civ. Proc. § 877.6(e))."

conferences (on August 6, 11 and 18). Where clerical error deprives a party of their day in court, it is an abuse of discretion to deny relief under section 473. (See *Rapplyea v. Campbell, supra*, 8 Cal.4th at p. 980 [where default judgment was entered against pro per defendants after their timely answer was rejected for filing because clerk misadvised them of the filing fee, "[t]here is little question we would have found an abuse of discretion if relief had been denied within the six-month period governed by section 473"].) That is the case here. Having been apprised of the factual mix-ups that led to the plaintiffs' confusion and inability to participate in the August 11 and August 18 status conferences, the trial court should have vacated the dismissal as requested and reinstated the case for trial. Nothing less was consistent with our state's policy of favoring the disposition of cases on their merits. Indeed, the fact that none of the parties appeared at three conferences in a row should have alerted the court to a notice or other problem. Yet the court apparently did not look into whether there was a potential notice problem, and then when the explanation was provided by plaintiffs in their objections, it ignored the explanation even though defendant's failure to appear corroborated the plaintiffs' account.

Lest similar mix-ups recur in the future, we end with an observation. As was recently said in another case where, albeit in different circumstances, the dismissal of a case at a status conference was reversed: "[R]eviewing courts are 'increasingly wary' of using procedural shortcuts because they 'circumvent procedural protections provided by the statutory motions or by trial on the merits; they risk blindsiding the nonmoving party; and, in some cases, they could infringe a litigant's right to a jury trial.' [Citation.] 'The purpose of the pretrial [proceeding] is to expedite the proceedings and to facilitate the correct determination of the issues. The pretrial proceeding

9

should not become a trap for the unwary.' " (*Dunlap v. Mayer* (2021) 63 Cal.App.5th 419, 427.)  The conduct of this case runs counter to those principles.

## DISPOSITION

Treating this appeal as a writ petition, let a peremptory writ of mandate issue, directing the trial court to (1) vacate its orders dismissing this case with prejudice, and (2) restore this case to the court's case management calendar for further proceedings.

_____

STEWART, Acting P.J.


We concur.


_____

MILLER, J.


_____

MAYFIELD, J. *


*Sparrow v. Fremont Auto Sales, Inc.* (A163536)

---

    * Judge of the Mendocino Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.