Filed 9/18/13

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| TODD MACALUSO,<br><br>    Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>    Respondent;<br><br>LENNAR LAND PARTNERS II, LLC et al.,<br><br>    Real Parties in Interest. | D063325<br><br>(San Diego County<br>Super. Ct. No. GIC877446) |

Petition for Writ of Mandate, William R. Nevitt, Judge.  Petition granted.

Pumilia Patel & Adamec, Jayesh Patel and Paul Rosenberger for Petitioner.

No appearance for Respondent.

O'Melveny & Myers, Daniel M. Petrocelli and Jeffrey A. Barker for Real Parties

in Interest.

Real party in interest Lennar Homes of California, Inc., (Lennar) is a judgment creditor pursuing collection proceedings against its judgment debtor, Mr. Marsch. Lennar served a subpoena duces tecum on petitioner Todd Macaluso (Macaluso) that required Macaluso to produce documents and testify at a judgment debtor examination in connection with Lennar's judgment collection proceedings. Although Macaluso appeared at the judgment debtor examination, he declined to answer most of the questions, objected to the document production and refused to produce the documents.

Lennar then moved to compel further responses and documents. After the trial court entered an order granting Lennar's motion (the order), Macaluso filed a notice of appeal from the order. However, because the trial court agreed with Lennar that the order was not appealable under Code of Civil Procedure[1] section 904.1, and Macaluso did not comply with the order, the trial court entered an order to show cause re contempt (the OSC). Macaluso's current writ petition contends the trial court was without jurisdiction to issue the OSC because the order *was* appealable and therefore the Notice of Appeal deprived the court of further jurisdiction to act until Macaluso's appeal from the order is resolved.

We are presented with the narrow issue of whether the order was an appealable order within the meaning of section 904.1, subdivision (a)(2).

---

[1]     Statutory references are to the Code of Civil Procedure unless otherwise specified.

I

FACTUAL AND PROCEDURAL BACKGROUND

A. The Parties

In early 2011, a lawsuit (the Briarwood litigation) that pitted Marsch and his related entities against Lennar was resolved in favor of Lennar; it obtained a judgment against Marsch individually for more than $50 million. Although Marsch allegedly testified (at a judgment debtor's examination in early 2012) he was insolvent, Lennar has submitted evidence that Marsch was an untruthful person who had been actively engaged in efforts to hide assets Lennar might have levied upon to satisfy its judgment.

Macaluso is an attorney and was a principal in an entity known as American Lawyers Funding (ALF). Macaluso has been involved with Marsch for several years, and in many capacities: ALF loaned money to provide funding to Marsch to pursue the Briarwood litigation; Macaluso's law firm provided substantial loans to pay attorneys representing Marsch in the Briarwood litigation and other lawsuits; Macaluso's law firm gave Marsch extensive funds to defray his personal living expenses; and Macaluso represented Marsch in pursuing various lawsuits.

B. The Collection Proceedings

Lennar issued three subpoena duces tecums requiring Macaluso (in his individual capacity as well as in his capacity as President of his law firm and as a manager of ALF) to personally appear and to produce documents at a July 2012 deposition. Macaluso attended but produced no documents. The attorneys representing Macaluso and the other subpoenaed entities interposed numerous objections to the document requests, including

3

that the requests invaded privacy rights and included privileged documents. Similar objections were interposed to questions posed to Macaluso. His counsel ultimately suggested it was necessary to "see the judge" to set a hearing date to "sort out our disagreement over the scope and nature of this examination," and the deposition ended.

The court ultimately ordered Macaluso to appear at a resumed examination to be conducted before the judge. However, the judge reserved ruling on any substantive objections to the document requests or to questions that might be posed at the resumed examination, and set a hearing date to allow Lennar to move to compel Macaluso to produce documents at the resumed judgment debtor's examination. Lennar's motion to compel the document production argued a judgment creditor is given wide latitude under section 708.130 to inquire about the judgment debtor's property and business affairs, and argued (1) the documents sought by the subpoena duces tecum were not protected by any attorney-client or attorney work product privilege, and (2) the privacy objections raised by Macaluso and his entities were meritless. Macaluso opposed the motion to compel, arguing the document request was beyond the proper scope of an examination under sections 708.110 and 708.130, and constituted an improper effort to conduct a wide-ranging exploration of the financial affairs of Macaluso, ALF and other third parties. He also argued the document request was improper because Macaluso (as well as ALF and a variety of third parties) had substantial privacy interests in the materials sought by Lennar, and also requested materials protected by both the attorney-client and work product privileges.

4

C. <u>The Order and Notice of Appeal</u>

The court entered an order overruling all of the objections lodged by Macaluso, his law firm, and ALF to the subpoenaed documents, and granted Lennar's motion to compel Macaluso to search for and produce documents responsive to Lennar's subpoena by January 4, 2013. Macaluso filed a notice of appeal within the time required by law.

D. <u>The Subsequent Proceedings and Writ Petition</u>

Macaluso did not produce any documents by the January 4 deadline. Instead, he informed Lennar that, although the notice of appeal may stay the order, he was gathering documents responsive to the subpoenas and suggested, if Lennar examined the documents Macaluso intended to provide and was sufficiently satisfied by the production to permit the parties to reach an accord, the appeal might be dismissed. Lennar contended the order was not stayed because it was a nonappealable discovery order, and intended to seek appropriate relief in the trial court if Macaluso did not fully comply with the order.

Lennar, asserting the order was nonappealable, moved to enforce the order. The court, agreeing that the notice of appeal did not deprive it of jurisdiction to proceed to enforce the order, scheduled a hearing to consider issuing an order to show cause re contempt for Macaluso's refusal to comply with the order. Macaluso then filed the instant writ petition, and this court issued an order to show cause and stayed further proceedings.

5

II

ANALYSIS

There is no dispute that, if the order is an appealable order within the ambit of section 904.1, Macaluso's notice of appeal stays further proceedings, divesting the trial court of subject matter jurisdiction over matters embraced by the order (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 189), and bars a contempt proceeding premised on noncompliance with the order from which the appeal is taken.  (*Dow v. Superior Court* (1956) 140 Cal.App.2d 399, 410-411.)  We therefore examine whether an order that overrules a third party witness's objections to a subpoena duces tecum and compels the third party witness to produce documents at a judgment debtor examination held pursuant to section 708.110 is an appealable order within the meaning of section 904.1, subdivision (a)(2), which provides that "[a]n appeal . . . may be taken from . . . [¶] . . . [¶] . . . an order made after a judgment . . . ."

Although the language of section 904.1, subdivision (a)(2), is broad, our Supreme Court in *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651 (*Lakin*) has cautioned that "not every postjudgment order that follows a final appealable judgment is appealable.  To be appealable, a postjudgment order must satisfy two additional requirements."  (Fn. omitted.)  The first requirement, not at issue here, is "that the issues raised by the appeal from the order must be different from those arising from an appeal from the judgment."  (*Id.* at p. 651.)  The second is that " 'the order must either affect the judgment or relate to it by enforcing it or staying its execution.' "  (*Id.* at pp. 651-652.) Lennar, relying on *Roden v. AmerisourceBergen Corp.* (2005) 130 Cal.App.4th 211

6

(*Roden*), contends the second requirement is not met in this case. Macaluso, relying principally on *Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1 (*Dana Point*), asserts that a proper application of the principles outlined in *Lakin* to the context of this case demonstrates the order is appealable.

In *Lakin*, the court explained that "postjudgment orders making a final determination of rights or obligations of parties" (*Lakin, supra,* 6 Cal.4th at p. 653) have been held appealable "even though they did not necessarily add to or subtract from the judgment." (*Ibid.*)

*Lakin* noted one formulation of the test for whether an order affects the judgment or relates to its enforcement is whether the order left the judgment intact " 'and neither add[ed] to it nor subtract[ed] from it.' " (*Lakin, supra,* 6 Cal.4th at p. 652.) However, *Lakin* cautioned against a talismanic employment of this verbal formulation, stating that "[f]or some time, courts—including this one—have used the 'neither adds nor subtracts' standard here employed by the Court of Appeal as a yardstick to measure whether a postjudgment order affects the preceding judgment or relates to its enforcement. [Citation.] This standard, however, has never been an exclusive statement of the necessary relationship between a judgment and an appealable postjudgment order. Although the standard can be useful in some circumstances, the effect on, or relationship to, the judgment required to make a postjudgment order appealable is not limited to a simple mathematical calculation." (*Id.* at p. 653.) *Lakin* noted the postjudgment orders it previously held to be nonappealable fell into two main categories: (1) "orders that, although following an earlier judgment, are more accurately understood as being

7

preliminary to a later judgment, at which time they will become ripe for appeal" (*id.* at p. 652); and (2) "orders [that pertain] to the preparation of a record for use in a future appeal." (*Ibid.*) On the other hand, a postjudgment order "making a final determination of rights or obligations of parties" is appealable even though it did not necessarily add to or subtract from the judgment. (*Id.* at p. 653.)

We conclude, by reference to analogous cases, the order is appealable. In *Dana Point, supra*, 51 Cal.4th 1, the issue was whether a trial court's order compelling compliance with a *legislative* subpoena was appealable. The Supreme Court explained that a final judgment is appealable and a "judgment is the final determination of the rights of the parties [citation] ' " 'when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined.' " ' [Citations.] ' "It is not the form of the decree but the substance and effect of the adjudication which is determinative. As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that *where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final,* but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory." ' [Quoting *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 698, italics added by *Dana Point.*]" (*Id.* at p. 5.) The *Dana Point* court concluded a trial court's order compelling compliance with a legislative subpoena *was* appealable, because there was no issue left for future consideration except the fact of compliance or noncompliance with the terms of the order.

8

We perceive no meaningful distinction between the compliance order the *Dana Point* court concluded was appealable and the order from which Macaluso appealed: both orders represented a final determination that overruled the subpoenaed party's objections to the document request and mandated that the materials described in the subpoena be produced, and both orders left no issue for future consideration except the subpoenaed party's compliance or noncompliance with the terms of the order.

We conclude the order was a final order from which an appeal may be taken. In *Smith v. Smith* (2012) 208 Cal.App.4th 1074, the court characterized an analogous order as a "collateral order" that was appealable. In *Smith*, the issue was whether an order concerning the redaction of confidential juvenile court reports was an appealable order. The court concluded that " '[w]here the trial court's ruling on a collateral issue "is substantially the same as a final judgment in an independent proceeding" [citation], in that it leaves the court no further action to take on "a matter which . . . is severable from the general subject of the litigation" [citation], an appeal will lie from that collateral order even though other matters in the case remain to be determined. [Citation.] . . .' [Citation.] [¶] Orders allowing or disallowing access to confidential court records have regularly been held appealable." (*Id.* at p. 1084.) The court ultimately ruled that, because the order there "directs the performance of an act . . . that is final and not subject to further resolution in future [proceedings] [citation] . . . the order is appealable as a collateral order." (*Ibid.*) Here, the order similarly directing Macaluso to perform an act-- to produce records claimed to be confidential or privileged--is final and not subject to further resolution in future proceedings. Accordingly, even without the guidance of

9

*Dana Point*, it appears the order would be appealable under the rationale of the so-called collateral order exception.

Lennar asserts *Dana Point* is distinguishable because the present order is a discovery order, which is ordinarily not separately appealable (see, e.g., *Oak Grove School Dist. v. City Title Ins. Co.* (1963) 217 Cal.App.2d 678, 709), and the *Dana Point* court allegedly expressly distinguished a legislative subpoena from a nonappealable discovery order because the latter " 'already involves the court and will continue to do so.' " (*Dana Point, supra*, 51 Cal.4th at p. 10.) However, the *Dana Point* court observed that "discovery meant 'a formal exchange of evidentiary information *between parties to a pending action,* and that meaning does not include *a subpoena issued*, as here, by an administrative agency *for purely investigative purposes*.' " (*Id*. at p. 11, italics added.) Because the subpoena here did not seek to compel *a party to a pending action* to make evidentiary disclosures, but was instead a subpoena issued to a previously uninvolved third party for purely investigative purposes, we remain convinced the order here was an appealable order under the rationale of *Dana Point*. Indeed, because of the nature of the parties involved and the subject matter of the order, we agree with the *Dana Point* court that "[e]ven if this subpoena were akin to a discovery request, the appropriate analogy would be to discovery orders ancillary to cases pending in other jurisdictions, which have been held to be final judgments for purposes of appealability." (*Id*. at p. 13, fn. 8.)

Lennar asserts *Roden* is controlling and compels the conclusion the order was a nonappealable discovery order. In *Roden*, the plaintiff obtained a judgment against his former employer that entitled the plaintiff to collect cash and employment benefits from

10

it. The trial court subsequently entered an order permitting the plaintiff to conduct postjudgment discovery from the former employer concerning the plaintiff's employment benefits, because the trial court concluded it had retained jurisdiction to determine the amount of benefits payable under the judgment it had awarded. (*Roden, supra,* 130 Cal.App.4th at p. 214.) The appellate court concluded the order permitting the plaintiff to conduct postjudgment discovery was not an appealable order because, under *Lakin*, one test for whether a postjudgment order is nonappealable is when the order, although following an earlier judgment, is " ' "more accurately understood as being preliminary to a later judgment, at which time [it] will become ripe for appeal" [quoting *Lakin, supra*, 6 Cal.4th at p. 652] . . . . On the other hand, postjudgment orders "making a final determination of rights or obligations of parties" are appealable . . . .' " (*Roden,* at p. 216.) *Roden* concluded the order granting the motion to compel was not appealable because it "makes no final determination of the rights or obligations of the parties. Rather, it is preparatory to a later ruling, [reasoning that] neither the judgment nor the postjudgment order that was the subject of the preceding appeal resolved all of the issues pertaining to Roden's employment benefits." (*Ibid.*)

Roden has no application to the instant case for several reasons. First, it appears *Roden* considered the order to be a discovery order that resolved disputes between parties to an ongoing lawsuit preparatory to a later ruling that would become encompassed in a later final judgment. Here, Macaluso was not a party to an ongoing lawsuit from which he might later be able to appeal and challenge the merits of the ruling on his objections to the subpoena, and the order was not preparatory to a later ruling that would be

11

encompassed in a final judgment from which Macaluso could have appealed. Instead, the order was a final determination that Macaluso was obligated to produce certain documents, and "no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the [order]." *Roden* does not undermine our conclusion that, under *Lakin* and *Dana Point*, the order was appealable.

## DISPOSITION

Let a writ issue directing the superior court to vacate its order to show cause re contempt and to proceed in a manner consistent with this opinion. The stay issued by this court on February 6, 2013, is vacated. Macaluso is entitled to recover costs as prevailing party in this writ proceeding. (Cal. Rules of Court, rule 8.493(a)(1)(A).)

CERTIFIED FOR PUBLICATION

McDONALD, Acting P. J.

WE CONCUR:

McINTYRE, J.

IRION, J.

12