Filed 5/3/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| YOLANDA'S, INC.,<br><br> Plaintiff and Respondent,<br><br>v.<br><br>KAHL & GOVEIA<br>COMMERCIAL REAL ESTATE,<br><br> Defendant and Appellant. | 2d Civil No.B271408<br>(Super. Ct. No. 56-2012-<br>00413479-CU-CO-VTA)<br>(Ventura County) |

       Here we conclude, among other things, that the scope of questions asked by a judgment creditor in a third party judgment debtor examination may include the location of assets no longer in the possession of the third party. (Code Civ. Proc. §§ 708.120, 708.130, 187.)[1]  Appellant wishes to appeal from a post-judgment discovery order arising from such a third party judgment debtor examination.

---

      [1] All statutory references are to the Code of Civil Procedure.

Appellant acknowledges that the order may not be appealable. It is not. We accommodate the request to treat the matter as a petition for writ of mandate. We deny the petition.

FACTS

Yolanda's, Inc. obtained a $1,892,835 judgment against Kahl & Goveia Commercial Real Estate (KGCRE); Rocklin Covenant Group, LP (Rocklin); and K&G / Seabridge II, LLC (K&G) in an action involving a breach of lease. We reversed the judgment against KGCRE and affirmed in all other respects. (*Gietzen v. Goveia* (Mar. 30, 2016, B255925) [nonpub. opn.].)

KGCRE managed shopping centers owned, in part, by Joseph Goveia and Bruce Kahl. Goveia and Kahl were principals in KGCRE. In spite of earning $774,000 per year in fees, KGCRE claimed it was insolvent and shut down operations in August 2013.

Goveia created a new property management company, Seabridge Property Services (SPS). KGCRE's assets were transferred to SPS along with its key employees.

One of those employees who transferred from KGCRE to SPS is Joseph Goveia's brother, James Goveia. James was an accountant for KGCRE and serves SPS in that same capacity.

In January 2016, Yolanda's obtained an order requiring the person most knowledgeable for KGCRE to appear as a third party witness for a judgment debtor's examination. James Goveia was designated as the person most knowledgeable (PMK).

Yolanda's also issued a subpoena to produce documents in the debtor's examination. James Goveia produced a document showing a transfer of a Mercedes Benz owned by

KGCRE to Kahl and his wife for the forgiveness of an alleged debt. James also produced two bills of sale transferring four vehicles and other items including three leases and all goods, furniture and equipment from KGCRE to Joseph Goveia.

During the examination, James Goveia acknowledged the assets listed in the documents were transferred to Kahl and Joseph Goveia. But James's counsel instructed him not to answer questions about where those assets are located. He claimed such questions are beyond the scope of a third party judgment debtor's examination.

Yolanda's referred the matter to the trial court. After briefing and a hearing, the court found that the subpoena issued in the debtor's examination was not limited in scope to section 708.120. The court concluded it has inherent authority to create a proper procedure under section 187. The court granted Yolanda's permission to ask questions of KGCRE concerning: "(i) the ultimate disposition of assets transferred by KGCRE to Joseph Goveia and Bruce Kahl; (ii) the interrelationship between KGCRE and other judgment debtors and related parties for purposes of establishing possible alter ego liability; and (iii) any other questions that may assist Judgment Creditors in determining the judgment debtors' true financial condition and the nature and location of judgment debtors' assets and sources of income."

## DISCUSSION

### I

### *Appealability*

Is a post-judgment discovery order appealable? Our colleagues in the Fourth District, Division One, considered the question twice within six days, but they reached opposite results.

3

In *Macaluso v. Superior Court* (2013) 219 Cal.App.4th 1042 (*Macaluso*), a third party appealed an order compelling further responses and documents at a judgment debtor's examination. The appellate court concluded the order was appealable as an order after judgment pursuant to section 904.1, subdivision (a)(2). (*Macaluso*, at p. 1049.)

Six days later in *Fox Johns Lazar Pekin & Wexler, APC v. Superior Court* (2013) 219 Cal.App.4th 1210, 1215 (*Fox Johns*), the same appellate court concluded a post-judgment discovery order made in the course of a proceeding to obtain information pertaining to a judgment debtor's assets is not appealable. The *Fox Johns* court had second thoughts about *Macaluso*. In a footnote it stated: "We are aware of the recent opinion from this court issued after oral argument here, wherein the court held that a third party may appeal an order overruling all of the third party's objections to the subpoena and granting a motion to compel compliance with the subpoena. (See *Macaluso v. Superior Court* (2013) 219 Cal.App.4th 1042.) We think the better approach here, on the unique facts before us where it is not clear if the superior court will be issuing further orders regarding the very discovery at issue, is to treat the appeal like a petition for writ of mandate." (*Fox Johns*, at p. 1218, fn. 4.) The distinction escapes us.

Because it is rarely certain whether the trial court will be issuing further discovery orders, the better approach in general is to treat such orders as not appealable. Allowing an appeal of each discovery order will invite unnecessary delay and facilitate the concealment of assets. So we join our colleagues in *Fox Johns* and part company with them in *Macaluso*. We treat this appeal as a petition for writ of mandate.

4

II

KGCRE contends the scope of a section 708.120 third party examination is expressly limited by the statute and case law.

Section 708.120, subdivision (a) provides: "Upon ex parte application by a judgment creditor who has a money judgment and proof by the judgment creditor by affidavit or otherwise to the satisfaction of the proper court that a third person has possession or control of property in which the judgment debtor has an interest or is indebted to the judgment debtor in an amount exceeding two hundred fifty dollars ($250), the court shall make an order directing the third person to appear before the court, or before a referee appointed by the court, at a time and place specified in the order, to answer concerning such property or debt. The affidavit in support of the judgment creditor's application may be based on the affiant's information and belief."

KGCRE argues the statute concerns only property of which a third party has "possession or control" or where the third party is "indebted to the judgment debtor." The statute provides that the third party must "answer concerning such property or debt . . . ." (§ 708.120, subd. (a).) KGCRE concludes that because it no longer has possession or control over the property in question, it need not answer questions concerning the location of the property.

KGCRE relies on *Fox Johns*, *supra*, 219 Cal.App.4th 1210. There, a law firm client was a judgment debtor. The judgment creditor proceeded with post-judgment third party discovery against the law firm under section 708.120. The law firm refused to allow the judgment creditor to discover the

5

identity of the law firm's clients, the billings of other clients or obtain other information about the identity of entities that could be the judgment debtor's alter ego.  The trial court issued an order compelling the law firm to disclose some of the information requested.  The Court of Appeal issued a writ of mandate compelling the trial court to vacate its order.

The appellate court stated:  "Simply put, the purpose of section 708.120 is to provide a tool that allows a judgment creditor to find property or money that is owed to the judgment debtor.  To this end, it allows the judgment creditor to obtain an order to examine a third party who it believes possesses the judgment debtor's property or owes the judgment debtor a debt over $250.  The judgment creditor must prove to the court's satisfaction that either one of these circumstances exists before the court will issue an order requiring the party to appear for an examination.  Further, the statute clearly provides that the third party is to answer questions regarding the subject property or debt.  Section 708.120 does not allow for a more expansive examination."  (*Fox Johns*, *supra*, 219 Cal.App.4th at p. 1221.)

Whatever the limitations of section 708.120, section 708.130, subdivision (a) has a broader reach.  It provides: "Witnesses may be required to appear and testify before the court or referee in an examination proceeding under this article in the same manner as upon the trial of an issue."

This subdivision allows any person with information leading to the enforcement of the judgment, to be subpoenaed to testify in an examination proceeding in the same manner as a trial witness.  (Ahart, Cal. Practice Guide: Enforcing Judgments and Debts (The Rutter Group 2016) ¶ 6:1280, pp. 6G-2 - 6G-3.)

The trial court also relied on section 187.  That section provides:  "When jurisdiction is, by the Constitution or this Code, or by any other statute, conferred on a Court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code."

Section 187 codifies the trial court's inherent power to adopt any suitable method of practice if the procedure is not specified by statute or the Rules of Court.  (*Citizens Utilities Co. v. Superior Court* (1963) 59 Cal.2d 805, 812-813.)

KGCRE argues section 187 does not apply because section 708.120 expressly limits the examination of a third party to property of the judgment debtor held by a third party and debts owed by a third party to a judgment debtor.  But nothing in section 708.120 states that it is the only procedure available for examining a third party.  In fact, section 708.130 expressly provides otherwise.  To the extent section 708.130 may not apply, there is no reason why the court cannot use its power under section 187 to fashion an appropriate procedure.  The policy of the law favors the enforcement of judgments.  (See *Troy v. Superior Court* (1986) 186 Cal.App.3d 1006, 1014 ["the purpose of a judgment debtor examination is to leave no stone unturned in the search for assets which might be used to satisfy the judgment"].)  There is no policy favoring the concealment of the judgment debtor's assets from the judgment creditor.

KGCRE complains that the order of examination in this case is expressly limited to section 708.120.  But the issue is

7

moot.  Whatever the scope of the original order for examination, KGCRE and James Goveia now have more than adequate notice of the trial court's subsequent discovery order.  KGCRE and James Goveia are required to comply fully and completely with that order.

DISPOSITION

The petition for writ of mandate is denied.  Costs are awarded to respondent.

CERTIFIED FOR PUBLICATION.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

8

Kent M. Kellegrew, Judge

Superior Court County of Ventura

_____

Voss, Cook & Thel and Francis T. Donohue III for Defendant and Appellant.

Lurie & Seltzer, Barak Lurie and Michael J. Conway for Plaintiff and Respondent.