Filed 3/11/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| SHREWSBURY MANAGEMENT, INC., <br><br> Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF SANTA CLARA COUNTY, <br><br> Respondent; <br><br> MARK BOUCHER et al., <br><br> Real Parties in Interest. | H043166 <br> (Santa Clara County <br> Super. Ct. No. 115CV275900) |

## I.  INTRODUCTION

Petitioner Shrewsbury Management, Inc. (Shrewsbury), is the judgment creditor of a $1,385,601.27 judgment entered against real party in interest Mark Boucher.  In connection with a judgment debtor examination of Boucher under Code of Civil Procedure section 708.110,[1] and seeking information about his finances, Shrewsbury moved for an order directing Wells Fargo Bank (Wells Fargo) to comply with a subpoena duces tecum requesting it to produce bank records for two entities over which Boucher allegedly had signatory authority, real parties in interest Nicholas Aegis, LLC (Nicholas Aegis) and Zenophon Trading, LLC (Zenophon).  Shrewsbury believed that Boucher was using Nicholas Aegis and Zenophon to conceal his assets.  The trial court denied Shrewsbury's motion after determining that a subpoena duces tecum may be issued to a

---

[1] Unspecified statutory references are to the Code of Civil Procedure.

third party but must be tethered to an examination of that third party as set forth under section 708.120.

On appeal, Shrewsbury argues that the scope of testimony and documents sought from a third party witness is not limited by section 708.120 when the subpoena is issued under section 708.130 and is tethered to a judgment debtor examination under section 708.110. Shrewsbury thus claims that the subpoena duces tecum issued to Wells Fargo permitted a broad scope of inquiry into Boucher's business affairs and that the trial court erred in denying its motion for an order directing Wells Fargo's compliance with the subpoena.

We determine that a subpoena duces tecum may be issued to a third party in connection with a judgment debtor examination under section 708.110, and we will issue a preemptory writ of mandate directing the trial court to vacate its order denying Shrewsbury's motion and to conduct further proceedings.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *The Judgment and Postjudgment Discovery Motions*

On March 19, 2010, the Orange County Superior Court entered a judgment of $1,385,601.27 in favor of Maynard Garber and against Boucher. The court also ordered that the judgment be assigned from Garber to Shrewsbury.

In January 2015, Shrewsbury filed an application for Boucher's appearance and examination. In a supporting affidavit, Shrewsbury's counsel stated that Boucher's last known address was in Los Altos, California, so the application was filed in Santa Clara County Superior Court under section 708.160, subdivision (c). The trial court granted the application and ordered Boucher to appear for an examination. Shrewsbury also filed an application for Boucher's wife to appear for an examination as a third party under section 780.120. She was ordered to appear for an examination by the court.

2

On June 1, 2015, Shrewsbury's counsel issued a subpoena duces tecum directing Wells Fargo to produce certain bank records pertaining to Boucher and his wife. In issuing the subpoena, Shrewsbury's counsel used the standard Judicial Council form for civil subpoenas, which referenced sections 1985 et seq. Among other items, Shrewsbury sought production of all documents, forms, and memoranda pertaining to applications for bank accounts where Boucher or his wife were signatories or had ever acted as signatories. The subpoena duces tecum called for Wells Fargo to produce the requested documents on July 14, 2015, the date set for Boucher's continued judgment debtor examination.

Both Nicholas Aegis and Zenophon, which had Wells Fargo bank accounts that Boucher allegedly had some connection to, objected to Shrewsbury's subpoena for production of records from Wells Fargo. Nicholas Aegis alleged that it was owned by Boucher's son and was established by Boucher's grandmother to finance her grandson's education. Nicholas Aegis further claimed that its bank records were not relevant and that production of the bank records would violate its privacy rights. Zenophon alleged that it was owned by Boucher's father-in-law and, like Nicholas Aegis, asserted that its bank records were not relevant and that obtaining the records from Wells Fargo would infringe upon its privacy rights. Both Nicholas Aegis and Zenophon claimed that Boucher had no financial, beneficial, or any other interest in their operations.

B. *The Motion for an Order Directing Compliance with the Subpoena and the Court's Order*

In July 2015, Shrewsbury filed a motion for an order directing Wells Fargo to comply with Shrewsbury's subpoena duces tecum and produce the requested documents. Shrewsbury claimed that Boucher had a financial interest in both Nicholas Aegis and Zenophon and that the subpoena was appropriately issued under section 708.130, which

3

provides that witnesses in proceedings enforcing money judgments may be required to appear and testify before the court or a referee in the same manner as if at trial.

In a declaration supporting the motion, Shrewsbury's counsel stated that Boucher had completed a questionnaire in connection with his judgment debtor examination. On the questionnaire, Boucher had indicated that he and his wife were currently either a director, shareholder, officer, member, or managing member of Nicholas Aegis and Zenophon. Boucher had also indicated that he owned Nicholas Aegis, Zenophon paid some of his expenses, and he possessed signatory authority over both entities' accounts.

Nicholas Aegis and Zenophon opposed Shrewsbury's motion, arguing that Boucher had no financial or other interest in the respective companies, the bank records sought were not relevant, and the subpoenas invaded the privacy rights of the companies and their owners with respect to their bank records. Moreover, both entities insisted that Shrewsbury had previously attempted to obtain their bank records by a subpoena, but that the subpoena had been quashed by the Orange County Superior Court. According to the Orange County Superior Court's order, Shrewsbury had sought records through a deposition subpoena under sections 2020.410 through 2020.440, which are part of the Civil Discovery Act (§ 2016.010 et seq.). Nicholas Aegis and Zenophon requested that the trial court take judicial notice of the Orange County Superior Court's order quashing Shrewsbury's prior subpoena.

On September 22, 2015, the Santa Clara County Superior Court issued an order denying Shrewsbury's motion for an order directing compliance with its subpoena duces tecum. In the same order, the court granted Nicholas Aegis's and Zenophon's request for judicial notice of the Orange County Superior Court order quashing the prior subpoena. The trial court found the Orange County Superior Court's order "persuasive" and expressed "disappoint[ment]" that Shrewsbury had failed to disclose or discuss its prior unsuccessful efforts to obtain the records in question.

4

Next, the trial court addressed the merits of Shrewsbury's argument that it was authorized to issue a subpoena duces tecum to Wells Fargo under section 708.130. The court determined that although section 708.130 provides that a witness may be compelled to appear and testify in a postjudgment proceeding in the same manner as if at trial, " 'most courts require that a CCP § 708.130 witness examination be used incident to a concurrent examination under CCP § 708.110 or § 708.120.' " The trial court concluded that "CCP § 708.120, which must be read in conjunction with § 708.130, establishes a procedure through which a judgment creditor may apply ex parte for an order authorizing an examination in court of a third party who 'has possession or control of property in which the judgment debtor has an interest or is indebted to the judgment debtor in an amount exceeding two hundred fifty dollars.' (CCP § 708.120(a).) While a subpoena duces tecum may be issued in connection with such an examination, it must be 'tethered to' an examination of the third party itself, not someone else. (*Fox Johns Lazar Pekin & Wexler*, *APC v*. [*Superior Court*] (2013) 219 Cal.App.4th 1210, 1222.) '[T]he examination of a third party under section 708.120 is limited to exploring the third party's possession of the judgment debtor's property or any debt owed the judgment debtor,' and the scope of documents requested in a third-party subpoena issued in connection with such an examination 'must be similarly curtailed.' "

Thus, the trial court determined that "[u]nder the statutory scheme Shrewsbury can only obtain post-judgment discovery through interrogatories and inspection demands propounded upon the Judgment Debtor, or through third-party subpoenas issued in connection with an examination of the third party pursuant to CCP § 708.120, which must be limited in scope to encompass documents pertaining to the third party's possession of the Judgment Debtor's property or debt owed to him."

### III. DISCUSSION

#### A. *Appealability*

Before we address the merits of Shrewsbury's arguments, we first determine the appealability of the trial court's postjudgment discovery order. The language of section 904.1, subdivision (a)(2) suggests that all postjudgment orders made after an appealable judgment are appealable. However, the California Supreme Court has articulated several additional prerequisites that must be met to find a postjudgment order appealable: "the issues raised by the appeal from the order must be different from those arising from an appeal from the judgment" (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651) and " 'the order must either affect the judgment or relate to it by enforcing it or staying its execution' " (*id*. at pp. 651-652).

Shrewsbury acknowledges that appellate courts have reached different conclusions over the appealability of third party postjudgment discovery orders in enforcement proceedings. Some courts have determined that such orders are directly appealable. (*Macaluso v. Superior Court* (2013) 219 Cal.App.4th 1042, 1049; *Finance Holding Co., LLC v. The American Institute of Certified Tax Coaches, Inc*. (2018) 29 Cal.App.5th 663, 679 (*Finance Holding*).) Other courts have determined that such orders are not appealable and have treated appeals from these orders as petitions for writ of mandate. (*Fox Johns Lazar Pekin & Wexler, APC v. Superior Court, supra*, 219 Cal.App.4th at p. 1214 (*Fox Johns*); *Yolanda's, Inc. v. Kahl & Goveia Commercial Real Estate* (2017) 11 Cal.App.5th 509, 511 (*Yolanda's*).)

In the event we determine that the trial court's postjudgment discovery order is not appealable, Shrewsbury urges us to consider his appeal as a petition for a writ of mandate. In *Olson v. Cory* (1983) 35 Cal.3d 390, the California Supreme Court found it appropriate to treat an appeal as a petition for a writ of mandate when it concluded that there was no adequate remedy at law, "the issue of appealability was far from clear in

6

advance," the records and briefs included the necessary elements for a petition for a writ of mandate, there was no indication that the trial court would appear separately or become more than a nominal party, and dismissing the appeal rather than exercising the court's discretion to reach the merits through a writ of mandate proceeding would be " ' "unnecessarily dilatory and circuitous." ' " (*Id*. at p. 401.)

We believe the conditions identified in *Olson* are present here. The appellate courts have reached conflicting conclusions regarding the appealability of discovery orders in postjudgment enforcement proceedings. Although it is possible that Shrewsbury may be able to challenge the trial court's order in an appeal from a later order or judgment that is appealable, it is not clear when or if such an order will be made. It also serves the interest of judicial economy to provide guidance to the parties about the scope of postjudgment third party discovery at this stage of the proceedings, as it is possible that similar issues may recur. Although only an appellant's opening brief was submitted in this case, the record and Shrewsbury's opening brief are sufficient for us to review the issue, which will be based entirely on our interpretation of the pertinent statutes. Thus, we will exercise our discretion to treat the appeal as a petition for a writ of mandate. (*Fox Johns*, *supra*, 219 Cal.App.4th at pp. 1217-1218; *Yolanda's*, *supra*, 11 Cal.App.5th at p. 513; *SCC Acquisitions*, *Inc*. *v*. *Superior Court* (2015) 243 Cal.App.4th 741, 749-750.)

**B.** ***Section 708.130 Permits Issuance of a Subpoena Duces Tecum to a Witness in Connection with a Judgment Debtor Examination Under Section 708.110***

Shrewsbury argues that it properly issued a subpoena duces tecum to Wells Fargo seeking documents in connection with its judgment debtor examination of Boucher under section 708.110. According to Shrewsbury, its subpoena duces tecum was authorized under section 708.130. Thus, Shrewsbury claims that the scope of documents and testimony that could be properly elicited from Wells Fargo was governed by

7

section 708.110 (examination of a judgment debtor), *not* section 708.120 (examination of a third party).  Shrewsbury argues that the trial court's order, which concluded otherwise, was erroneous.

The merits of Shrewsbury's claims rest on whether section 708.130, subdivision (a), which provides that "[w]itnesses may be required to appear and testify before the court or referee *in an examination proceeding* under this article in the same manner as upon the trial of an issue," permits the procedure employed by Shrewsbury. (Italics added.)  To resolve Shrewsbury's claims, we must determine whether section 708.130 authorizes the issuance of a subpoena duces tecum to a third party witness in conjunction with a judgment debtor examination under section 708.110, and, if so, whether the scope of a subpoena duces tecum issued to a witness under these circumstances is broad as contemplated under section 708.110 or limited as set forth under section 708.120.

The issue is one of statutory interpretation.  "In construing a statute, our fundamental task is to ascertain the Legislature's intent so as to effectuate the purpose of the statute.  [Citation.]  We begin with the language of the statute, giving the words their usual and ordinary meaning.  [Citation.]  The language must be construed 'in the context of the statute as a whole and the overall statutory scheme, and we give "significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose." ' [Citation.]  In other words, ' "we do not construe statutes in isolation, but rather read every statute 'with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness.' " ' " (*Smith v. Superior Court* (2006) 39 Cal.4th 77, 83.)  The correct construction of the statutes governing postjudgment discovery in enforcement proceedings is a question of law that we review de novo.  (See *B.H. v. County of San Bernardino* (2015) 62 Cal.4th 168, 189.)

8

We first briefly review the applicable statutory framework. Discovery in connection with enforcement of a judgment is set forth in the Enforcement of Judgments Law (§ 680.010 et seq.). The Civil Discovery Act applies to discovery in postjudgment enforcement proceedings only to the extent provided in sections 708.010 through 708.030 of the Enforcement of Judgments Law. (§ 2016.070.) In this regard, the discovery methods available to a judgment creditor include the ability to propound written interrogatories on the judgment debtor and to demand the production of documents from the judgment debtor. (§§ 708.020, 708.030.)

In addition to written discovery, the Enforcement of Judgments Law also provides several mechanisms that permit a judgment creditor to examine the judgment debtor or a third party.

First, under section 708.110, a judgment creditor may apply for a court order requiring the judgment debtor to appear in court or before a referee "to furnish information to aid in enforcement of the money judgment." (§ 708.110, subd. (a).) " 'A judgment debtor examination is intended to allow the judgment creditor a wide scope of inquiry concerning property and business affairs of the judgment debtor.' " (*Lee v. Swansboro Country Property Owners Assn.* (2007) 151 Cal.App.4th 575, 581 (*Lee*).) Service of the order for an examination of the judgment debtor "creates a lien on the personal property of the judgment debtor for a period of one year from the date of the order unless extended or sooner terminated by the court." (§ 708.110, subd. (d).)

Second, under section 708.120, a judgment creditor may apply for a court order requiring a third party to appear before the court or a referee if the judgment creditor can prove "by affidavit or otherwise to the satisfaction of the proper court that [the] third person has possession or control of property in which the judgment debtor has an interest or is indebted to the judgment debtor in an amount exceeding" $250. (§ 708.120, subd. (a).) Service of the order for an examination of the third party "creates a lien on the

9

judgment debtor's interest in the property or on the debt for a period of one year from the date of the order unless extended or sooner terminated by the court."  (§ 708.120, subd. (c).)  "The purpose of the examination . . . is for the third party to answer questions regarding the property of the judgment debtor it possesses or the debt it owes the judgment debtor."  (*Fox Johns*, *supra*, 219 Cal.App.4th at pp. 1220-1221.)  Some courts have determined that the scope of the examination of a third party is limited to these subjects and that an examination under section 780.120 does not permit a more expansive scope of inquiry.  (*Fox Johns*, *supra*, at p. 1221; *Finance Holding*, *supra*, 29 Cal.App.5th at p. 682.)

Significantly, at the conclusion of the examination of the judgment debtor under section 708.110, or at the conclusion of the examination of the third party under section 708.120, "the court may order the judgment debtor's interest in the property in the possession or under the control of the judgment debtor or the third person or a debt owed by the third person to the judgment debtor to be applied toward the satisfaction of the money judgment if the property is not exempt from enforcement of a money judgment."  (§ 708.205, subd. (a); see *People v. Pereira* (1989) 207 Cal.App.3d 1057, 1066 (*Pereira*).)

Lastly, under section 708.130, subdivision (a), "[w]itnesses may be required to appear and testify before the court or referee *in an examination proceeding under this article* in the same manner as upon the trial of an issue."  (Italics added.)  In other words, "under the statutory scheme to enforce judgments, the examination [of the judgment debtor or third party under sections 708.110 or 708.120] is similar to a trial in which witnesses are required to appear and to testify 'in the same manner as upon the trial of an issue.' "  (*Pereira*, *supra*, 207 Cal.App.3d at p. 1066.)

Considering the statutory scheme as a whole, the plain language of section 708.130 suggests that witnesses with relevant information may be required to appear and

10

testify in an examination proceeding ordered under section 708.110 *or* section 708.120, as each section provides for "an examination proceeding under [the same] article" as section 708.130, subdivision (a). (See *Yolanda's*, *supra*, 11 Cal.App.5th at p. 514 [§ 708.130 "allows any person with information leading to the enforcement of the judgment to be subpoenaed to testify in an examination proceeding in the same manner as a trial witness"].)

In this case, Shrewsbury's subpoena was issued under "§ 1985 et seq."[2] It is established that a subpoena duces tecum may be served on a party to compel production of documents at trial. (§ 1985; see, e.g., *Boal v. Price Waterhouse & Co.* (1985) 165 Cal.App.3d 806, 810-811 [party must comply with subpoena duces tecum issued on eve of trial]; see *Terry v. SLICO* (2009) 175 Cal.App.4th 352 [analyzing the different requirements for a trial subpoena and a deposition subpoena].) Further, in the context of postjudgment enforcement proceedings, "the use of a subpoena duces tecum to discover and inspect relevant documents is an accepted practice." (*Pereira*, *supra*, 207 Cal.App.3d at p. 1066; accord, *Lee*, *supra*, 151 Cal.App.4th at p. 582 [use of subpoena duces tecum in judgment debtor examination proceedings under § 708.110]; *Fox Johns*, *supra*, 219 Cal.App.4th at pp. 1210, 1215, 1218 [use of subpoena duces tecum in third party examination proceedings under § 708.120].)[3] And since the scope of a judgment

_____

[2] Section 1985 defines "subpoena" and provides that an affidavit must be served with a subpoena duces tecum issued before trial that shows good cause for the production of the items described in the subpoena. Section 1987.5 more specifically addresses the requirements of a subpoena duces tecum.

[3] We note that in its order, the trial court stated that it found the Orange County Superior Court's order quashing Shrewsbury's earlier deposition subpoena to be "persuasive." In contrast to the subpoena duces tecum issued in this case, which was issued under sections 1985 and 1987.5, the subpoena issued by Shrewsbury in Orange County was a deposition subpoena issued under section 2020.410. The Enforcement of Judgments Law does not appear to authorize the use of deposition subpoenas. (See §§ 2016.070, 708.010, 708.020, 708.030.)

11

debtor examination under section 708.110 has been interpreted to permit a wide scope of inquiry into the judgment debtor's finances (*Lee*, *supra*, at p. 581), it follows that the scope of a subpoena duces tecum served on a third party that is tethered to the examination of the judgment debtor under section 708.110 must be similarly broad.

As a result, we disagree with the conclusion reached by the trial court in this case. In its order denying Shrewsbury's motion, it appears that the trial court believed that the *only* third party witnesses that may be subpoenaed "in an examination proceeding under this article" (§ 708.130, subd. (a)) are those that satisfy the requirements set forth in section 708.120, subdivision (a) (a "third person [that] has possession or control of property in which the judgment debtor has an interest or is indebted to the judgment debtor in an amount exceeding two hundred fifty dollars ($250)"), and that section 708.120 is the *only* mechanism by which a third party may be required to testify. This interpretation is contrary to the plain language of section 708.130, subdivision (a). This construction of sections 708.120 and 708.130 would also render section 708.130 superfluous. Moreover, this construction would prevent a judgment creditor from obtaining relevant information about a judgment debtor's property and business affairs from a third party who may not satisfy the requirements of section 708.120, subdivision (a), such as the debtor's accountant, bookkeeper, and others who do not possess or control the debtor's property or owe the debtor money.

Our conclusion comports with historical precedent and the purpose behind the Enforcement of Judgments Law. The California Supreme Court affirmed the right to call witnesses with relevant information in postjudgment enforcement proceedings in *McCullough v. Clark* (1871) 41 Cal. 298, 302 ["witnesses may be called and examined on either side" in postjudgment enforcement proceedings].) Additionally, the purpose of a judgment debtor examination, which is "to leave no stone unturned in the search for assets which might be used to satisfy the judgment" (*Troy v. Superior Court* (1986) 186

12

Cal.App.3d 1006, 1014), is furthered if the statutory scheme permits judgment creditors to call witnesses with relevant knowledge of the judgment debtor's assets, even if the witness does not control or possess the judgment debtor's assets or owe the judgment debtor more than $250 as described under section 708.120. "The policy of the law favors the enforcement of judgments. [Citation.] There is no policy favoring the concealment of the judgment debtor's assets from the judgment creditor." (*Yolanda's*, *supra*, 11 Cal.App.5th at p. 515.)

The trial court, in limiting the use of a subpoena duces tecum served on a third party to situations where the subpoena is " 'tethered to' " an examination of that third party, relied on *Fox Johns*, *supra*, 219 Cal.App.4th 1210. We find *Fox Johns* distinguishable.

In *Fox Johns*, an opinion from the Fourth Appellate District, Division One, the third party was served with a subpoena duces tecum as well as ordered to appear for an examination under section 708.120. (*Fox Johns*, *supra*, 219 Cal.App.4th at p. 1214.) The third party moved to quash the order to appear and the subpoena duces tecum. (*Id*. at pp. 1214-1215.) The judgment creditor filed a motion to compel the subpoena duces tecum. (*Id*. at p. 1215.) The trial court denied the motion to quash the order of appearance, and it granted in part and denied in part the motions concerning the subpoena, which required the third party to produce certain documents in response to the subpoena. (*Ibid*.)

The appellate court determined that the scope of a third party examination under section 708.120 is limited to "whether the third party possesses the judgment debtor's property or owes the judgment debtor a debt over $250" (*Fox Johns*, *supra*, 219 Cal.App.4th at p. 1220), and that "[s]ection 708.120 does not allow for a more expansive examination" (*id*. at p. 1221). Regarding the subpoena duces tecum, the appellate court determined that because the subpoena was "tethered" to a third party examination under

13

section 708.120, "the scope of the documents requested in the subpoena here must be similarly curtailed." (*Fox Johns*, *supra*, at p. 1222.) The appellate court concluded: "While there may be other procedures that allow [the judgment creditor] to discover the information it seeks, neither section 708.120 nor a subpoena duces tecum *related to that statute* authorizes such broad discovery." (*Ibid*., italics added.)

In contrast to *Fox Johns*, where the subpoena duces tecum was issued in connection with the examination of a third party under section 708.120, the subpoena duces tecum in this case was issued to a third party (Wells Fargo) in connection with the examination of the judgment debtor (Boucher) under section 708.110. As we have explained, we believe that a subpoena duces tecum issued to a third party and "tethered" (*Fox Johns*, *supra*, 219 Cal.App.4th at p. 1222) to a judgment debtor's examination under section 708.110 permits a wide scope of inquiry regarding the property and business affairs of the judgment debtor.

We observe that after the trial court issued its order in this case, the Second Appellate District, Division Six, in *Yolanda's* determined that "nothing in section 708.120 states that it is the only procedure available for examining a third party. In fact, section 708.130 expressly provides otherwise." (*Yolanda's*, *supra*, 11 Cal.App.5th at p. 515.) The appellate court explained that "[w]hatever the limitations of section 708.120, section 708.130, subdivision (a) has a broader reach. . . . [¶] This subdivision allows any person with information leading to the enforcement of the judgment to be subpoenaed to testify in an examination proceeding in the same manner as a trial witness." (*Id*. at p. 514.) We agree with *Yolanda's*.

Recently, in *Finance Holding*, which was decided by the same division of the Fourth Appellate District as *Fox Johns*, the appellate court reaffirmed its conclusion that "[a] third party document subpoena must . . . be limited to 'confirm[ing] the existence of the subject property [and/or] debt' " within the meaning of section 708.120. (*Finance*

14

*Holding*, *supra*, 29 Cal.App.5th at p. 682.)  Like *Fox Johns*, however, the documents at issue in *Finance Holding* were apparently being sought from a third party in connection with an examination under section 708.120.  *Finance Holding* is thus distinguishable from the instant case in which the documents were sought from a third party (Wells Fargo) in connection with the examination of the judgment debtor (Boucher) under section 708.110.

However, to the extent that *Finance Holding*'s language suggests that the scope of inquiry with respect to a third party is always limited by that delineated in section 708.120, because section 708.120 is a purportedly more specific statute that controls over section 708.130, we respectfully disagree.  (See *Finance Holding*, *supra*, 29 Cal.App.5th at p. 683.)  The principle that a specific statute controls over a more general statute is applicable only when the two statutes cannot be reconciled.  (*Medical Board v. Superior Court* (2001) 88 Cal.App.4th 1001, 1004-1005.)  Section 708.120 authorizes examinations of a specific *subset* of third party witnesses—those who have possession or control of property in which the judgment debtor has an interest or are indebted to the judgment debtor in an amount exceeding $250 (*id*., subd. (a))—and provides for a lien "on the judgment debtor's interest in the property or on the debt for a period of one year from the date of the order unless extended or sooner terminated by the court" (§ 708.120, subd. (c)).  Further, at the conclusion of the third party examination under section 708.120, "the court may order the judgment debtor's interest in the property in the possession or under the control of the judgment debtor or the third person or a debt owed by the third person to the judgment debtor to be applied toward the satisfaction of the money judgment if the property is not exempt from enforcement of a money judgment."  (§ 708.205, subd. (a).)  Section 708.130, on the other hand, simply permits judgment creditors to call witnesses with relevant information in examination proceedings—either a proceeding under section 708.110 or section 708.120—without

15

creating any liens on property in the witness's possession or control. In our view, these two statutes serve different purposes and do not conflict.

In sum, we determine that the trial court erroneously concluded that a third party subpoena can only be issued in connection with an examination of the third party under section 708.120. We conclude that when a subpoena duces tecum is tethered to an examination under section 708.110, the scope of discoverable documents must be broadly construed to include matters relating to the " 'property and business affairs of the judgment debtor' " (*Lee*, *supra*, 151 Cal.App.4th at p. 581), and is not limited by section 708.120.

## C. *Remand is Necessary for the Trial Court to Reconsider Shrewsbury's Motion*

The trial court denied Shrewsbury's motion to direct compliance with its subpoena after the court determined that a third party subpoena can *only* be issued in connection with a third party examination under section 708.120, and that the subpoena must be limited in scope to encompass documents pertaining to the third party's possession of the judgment debtor's property or a debt owed to the debtor. In this court, Shrewsbury argues that its subpoena duces tecum was proper, and discovery of the bank records is appropriate even when balancing Nicholas Aegis's and Zenophon's privacy rights. The trial court, however, did not reach the merits of Nicholas Aegis and Zenophon's objections to the subpoena duces tecum, including their claims that the documents requested were not relevant and that compliance with the subpoena would impermissibly infringe upon their right to privacy. The trial court also did not reach Nicholas Aegis and Zenophon's claim that Shrewsbury had failed to prove that Boucher had an interest in their financial accounts. The trial court should consider these issues in the first instance. We express no opinion regarding these issues.

16

### III. DISPOSITION

Let a preemptory writ of mandate issue directing respondent court to vacate its September 22, 2015 order denying Shrewsbury's motion and to conduct further proceedings consistent with the views expressed in this opinion. The parties shall bear their own costs.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:


_____
ELIA, ACTING P.J.



_____
MIHARA, J.



*Shrewsbury Management, Inc. v. Superior Court (Boucher)*
**H043166**

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court<br>Superior Court No. 115CV275900 |
| Trial Judge: | Hon. Joseph Huber |
| Counsel for Petitioner:<br>Shrewsbury Management, Inc. | Herzlich & Blum<br>Jerome Jay Blum |
| Counsel for Real Parties in Interest:<br>Mark Boucher<br>Nicholas Aegis, LLC<br>Zenophon Trading, LLC | Omni Law Group<br>Trevor Joseph Zink |

*Shrewsbury Management, Inc. v. Superior Court (Boucher)*
**H043166**