Filed 12/17/19  Certified for Publication 1/3/20 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| JAMES DALESSANDRO, | B293472 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BS138171) |
| v. | |
| ERIC ALBERT MITCHELL; | |
| Defendant and Respondent, | |
| PAUL S. LEVINE, | |
| Objector and Appellant. | |

APPEAL from an order of the Superior Court of
Los Angeles County.  Edward Moreton, Jr., Judge.  Affirmed.

Law Office of Paul S. Levine and Paul S. Levine for
Plaintiff and Appellant.

Law Office of D. Joshua Staub and D. Joshua Staub for
Defendant and Respondent.

———————————————

James Dalessandro and his counsel, Paul Samuel Levine, (collectively, appellants) appeal from a postjudgment order denying Dalessandro's motion to compel the production of documents and imposing $3,456.70 in sanctions against Levine for discovery abuses. We affirm.

## PROCEDURAL BACKGROUND

The underlying litigation involves residual payments owed by Eric Mitchell to Dalessandro. Earlier this year, we affirmed a default judgment against Mitchell and two sanctions orders against Dalessandro.[1] As part of his efforts to collect on the judgment, Dalessandro issued a demand to Mitchell for the identification, production, and copying of documents. Mitchell failed to respond to the demand and Dalessandro filed a motion to compel.

The trial court denied Dalessandro's motion to compel and ordered Levine to pay to Mitchell $3,456.70 in monetary sanctions for failing to comply with discovery rules and procedures, including failing to affix postage to the demand. It further found the proof of service was false and Levine's declaration in support of the motion to compel was false.

The notice of appeal indicates "Dalessandro and his counsel, Paul S. Levine" appeal from the September 25, 2018 order under Code of Civil Procedure section 904.1, subdivision

---

[1] The full factual and procedural background may be found in our previous opinions, *Dalessandro v. Mitchell* (Apr. 4, 2019, B289365) [nonpub. opn.] and *Dalessandro v. Mitchell* (Apr. 4, 2019, B286501) [nonpub. opn.].

(a), and the "[o]rder imposing sanctions under Code Civ. Proc. Sec. 904.1(b)."[2]

## DISCUSSION

We first address Mitchell's motion to dismiss Dalessandro from the appeal for lack of standing to challenge a sanctions order issued only against Levine. We agree Dalessandro lacks standing to appeal from the sanctions order. (*Calhoun v. Vallejo City Unified School Dist.* (1993) 20 Cal.App.4th 39, 42.) However, this does not render Levine's appeal ineffective. (*Moyal v. Lanphear* (1989) 208 Cal.App.3d 491, 497.) There is no dispute Levine has standing to appeal the sanctions order and is properly an appellant in this matter.[3] We therefore deny the motion to dismiss.

---

[2]     All further section references are to the Code of Civil Procedure.

[3]     We thus question Mitchell's need to separately file a 12-page motion to dismiss, which spawned an opposition and a reply, on an issue that could have succinctly been addressed in the opening brief, possibly in a footnote. We make this observation to highlight the intensely litigated nature of this case, which does not advance the cause for either party. In addition to the motion to dismiss, Mitchell has filed a motion for sanctions seeking $12,500 to reimburse this court for the costs of processing a frivolous appeal and $8,500 to reimburse Mitchell for defending the appeal. (Cal. Rules of Court, rule 8.276.) The sanctions motion merely repeats the respondent's brief arguments regarding the weaknesses and technical deficiencies of appellant's briefs. This has led to a counter request for sanctions from appellants for filing frivolous motions. We find the parties are approaching frivolity, but have not yet crossed into that territory. With that caution, we deny all sanctions requests.

We now consider an issue not addressed by the parties, but which is a prerequisite to jurisdiction. The notice of appeal indicates Dalessandro appeals from the September 25, 2018 order denying his motion to compel. While he has standing to challenge that order, we find it is not an appealable order. There is currently a split of authority as to whether a postjudgment discovery order is appealable. (*Yolanda's, Inc. v. Kahl & Goveia Commercial Real Estate* (2017) 11 Cal.App.5th 509, 512 (*Yolanda's, Inc.*) [not appealable]; *Macaluso v. Superior Court* (2013) 219 Cal.App.4th 1042, 1049 [appealable ]; *Fox Johns Lazar Pekin & Wexler, APC v. Superior Court* (2013) 219 Cal.App.4th 1210, 1215 [not appealable].) We agree with the reasoning of *Yolanda's, Inc.*; the order is not appealable. However, as we observed, Mitchell fails to raise this issue and Dalessandro does not address it. Considering that, we find it expedient to briefly address the merits of the issue by treating it as a petition for writ of mandate. (*Yolanda's, Inc., supra,* at p. 513.)

We conclude the trial court did not err in denying the motion to compel. The trial court found service of the demand to be ineffective because there was no postage affixed to the envelope containing it. (§ 684.120, subd. (a) [requiring "postage paid" when service of postjudgment "writ, notice, order, or other paper" is by mail]; *Lee v. Placer Title Co.* (1994) 28 Cal.App.4th 503, 511 ["strict compliance with statutory provisions for service by mail is required, and improper service will be given no effect."].) Mitchell was not required to respond to a demand that was not served. Appellants make no effort to demonstrate error resulting from the trial court's finding and thus have failed to

4

meet their burden on appeal.[4]  (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610 (*Pietak*).)

We next turn to appellants' challenge to the monetary sanctions levied against Levine.  Appellants first argue section 128.5, subdivision (f), requires any sanctions to be requested by way of a separate motion that allows Dalessandro a "safe harbor" of 21 days to withdraw the offending motion.  The trial court, however, expressly issued monetary sanctions for discovery abuse and section 128.5 has no application to sanctions authorized under the Discovery Act (§ 2023.010 et seq.).

Undeterred, appellants next contend that if the sanctions were issued under the Discovery Act, they were improper because Mitchell's counsel failed to meet and confer to alert them to the

---

[4]     At oral argument, appellants argued, for the first time, that any deficiencies in serving the demand were "cured" under section 684.220 by Mitchell's counsel's written admission that he received the demand and by Levine's own testimony that he served the demand by mail.  "An appellate court is not required to consider any point made for the first time at oral argument, and it will be deemed waived." (*Kinney v. Vaccari* (1980) 27 Cal.3d 348, 356–357, fn. 6.)  In any case, section 684.220 provides in pertinent part that "[p]roof of service by mail as provided in Section 684.120 may be made in the manner prescribed in Section 1013a." (§ 684.220, subd. (c).)  By its terms, section 684.220 merely provides that proofs of service for postjudgment notices and papers shall conform with those for prejudgment notices and papers.  Section 684.220 does not provide a "cure" for any deficiencies in service.  Indeed, a proof of service only creates a rebuttable presumption that the service was proper. (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1441–1442.)  Here, the presumption was rebutted by evidence that the envelope had no postage on it, rendering service improper.

deficiencies in the demand in violation of section 2023.010, subdivision (d), the trial court made no express finding that his motion to compel was made without substantial justification in violation of section 2031.300, subdivision (c), and the trial court did not hold a separate hearing on the sanctions request. We are not persuaded.

Appellants present no authority that any of these actions were required of the trial court or Mitchell, and we have found none. Section 2023.010, subdivision (d), merely provides that failing to respond to authorized discovery is a misuse of the discovery process. There is nothing in that section that requires a party to meet and confer with the opposing party to alert him to defects in his discovery requests, particularly when they were not validly served. Likewise, section 2031.300, subdivision (c), does not require the trial court to make a finding of a lack of substantial justification to impose discovery sanctions.

Finally, a separate motion is not required, nor is a separate hearing on discovery sanctions. *People ex rel. City of Dana Point v. Holistic Health* (2013) 213 Cal.App.4th 1016, 1030–1031 (*Holistic Health*), on which appellants rely, is distinguishable. There, no motion for discovery sanctions was ever made before the trial court sua sponte imposed dispositive evidentiary sanctions. Here, the trial court did no such thing. Mitchell requested monetary sanctions as part of his opposition to the motion to compel. Further, the parties argued the issue at the hearing on the motion to compel. *Holistic Health* is thus inapplicable. Again, appellants have failed to demonstrate error resulting from the trial court's order. (*Pietak, supra,* 90 Cal.App.4th at p. 610.)

6

Lastly, appellants contend attorney fees are not recoverable because Mitchell was representing himself at the time of the hearing on the motion. (*Argaman v. Ratan* (1999) 73 Cal.App.4th 1173, 1179.) The record, however, discloses that Mitchell was represented by counsel during part of the proceedings and that he only sought to recover those attorney fees. Joshua Staub, who represents Mitchell in this appeal and below, filed Mitchell's opposition to the motion to compel. In a declaration, Staub set forth the fees and costs incurred in filing the opposition. At the hearing, however, Staub did not represent Mitchell. Instead, he appeared "to defend [him]self against Mr. Levine's request for monetary sanctions against [him]."[5] Appellants have provided no authority for the proposition that Mitchell may not recover attorney fees he has incurred. Indeed, the authority cited by appellants is to the contrary. (*Argaman, supra,* at p. 1181 [discovery sanctions limited to costs and fees actually incurred].) The trial court did not err in awarding discovery sanctions representing fees and costs incurred.

---

[5] Alisa Morgenthaler represented Mitchell at the hearing "on a limited scope basis." Morgenthaler did not elaborate as to the scope of her representation of Mitchell. It appears she may have been retained only to represent him in his judgment debtor's examination, which occurred that day. In any case, Mitchell did not seek to recover any attorney fees for Morgenthaler's services.

7

## DISPOSITION

We deny Dalessandro's petition challenging the motion to compel the production of documents.  We affirm the imposition of $3,456.70 in sanctions against Levine.  Respondent Mitchell to recover his costs on appeal.


BIGELOW, P. J.


We concur:


STRATTON, J.


WILEY, J.

Filed 1/3/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| JAMES DALESSANDRO,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>ERIC ALBERT MITCHELL;<br><br>    Defendant and Respondent,<br><br>PAUL S. LEVINE,<br><br>    Objector and Appellant. | B293472<br><br>(Los Angeles County<br>Super. Ct. No. BS138171)<br><br>ORDER CERTIFYING<br>PUBLICATION<br><br>[No change in the judgment] |

THE COURT:

   The opinion in the above entitled matter was filed on December 17, 2019, was not certified for publication in the Official Reports.  For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

_____

BIGELOW, P. J.              STRATTON, J.              WILEY, J.